ORRIN R. CAIN v. CITY OF OMAHA.

FILED OCTOBER 2, 1894. No. 5590.

1. **Eminent Domain:** LOCAL ASSESSMENTS: SPECIAL BENEFITS. The only foundation for a local assessment lies in the special benefits conferred upon the property assessed, by the improvement to pay which the assessment is made, and an assessment beyond the benefit so conferred is a taking of property for public use without compensation, and therefore illegal.

2. **Metropolitan Cities:** LOCAL ASSESSMENTS: UNSUBDIVIDED TRACT. Under the law relating to cities of the metropolitan class, where an improvement extends through an unsubdivided tract of land, such tract is not subject to local assessment to pay for such improvement to a greater distance from the improvement than the average distance to which assessments on subdivided lots are levied.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J.

*B. G. Burbank,* for plaintiff in error.

*W. J. Connell, contra.*

IRVINE, C.

The plaintiff was the owner of a strip of land about 900 feet long and 189¾ feet deep fronting on Locust street, in the city of Omaha, and designated as "tax lot 57." For the purpose of opening Twenty-second street from some point south to Locust street the city appropriated a strip of land 66 feet wide across the land of the plaintiff. The result of opening this street was to leave tax lot 57 in two tracts, one extending east from Twenty-second street, so extended, 314 feet, the other extending west from Twenty-second street 507 feet. The plaintiff was awarded $3,010 for the strip of land so taken. In order to pay this award a local assessment was levied on lot 57 and other property. The plaintiff paid that portion of the assessment levied on lot 57 under protest, having objected to the levy before the board of equalization, and then brought his action under Compiled Statutes, 1889, chapter 12a, section 69, to recover back the taxes so paid as being invalid, unjust, and inequitable. It was alleged that the amount assessed upon tax lot 57 was exorbitant, unjust, and illegal, and in excess of the special benefits conferred, and that property south of said tax lot was not assessed at all, although equally benefited. These allegations were put in issue. There was a trial to the court and a finding and judgment for the defendant, from which the plaintiff prosecutes error, assigning practically only that the finding and judgment are not sustained by the evidence. The city rested its case upon the plaintiff's evidence, and there is no conflict whatever in the proof. The city has not furnished

us with a brief, and we are not informed upon what grounds the learned district judge determined the case—perhaps from a doubt of the authority of the court to review the assessment in such a proceeding. The uncontradicted evidence shows that the whole amount awarded for the appropriation of property was to the plaintiff, for the strip of land referred to. Of the $3,010 so awarded, $1,000 was levied upon that portion of lot 57 lying east of Twenty-second street, $1,000 on that portion lying west of Twenty-second street, and the remainder in small amounts on land lying on either side of Twenty-second street north of Locust, extending back from Twenty-second street 184 feet, and north from Locust street six blocks. The fact that two-thirds of this tax was levied upon the remainder of the tract, a part of which was appropriated, and the other one-third distributed in very small sums over a vast area, is in itself sufficient to excite grave suspicions as to the *bona fides* of the proceedings. Cain subdivided lot 57 into eighteen lots, upon which he constructed houses. The evidence is uncontradicted that no portion of lot 57 received any benefit from the opening of Twenty-second street except the two lots which were thereby given a frontage upon that street,—in other words, made corner lots by the improvement,—and that the benefit to those lots did not exceed $150 each. It is elementary constitutional law that the only foundation for a local assessment lies in the special benefits conferred by the improvement, and that a local assessment beyond the special benefits conferred is a taking of private property for public use without compensation. (*Hanscom v. City of Omaha*, 11 Neb., 37.) This tax exceeds the special benefits conferred by at least $1,700, and to that extent was clearly illegal.

Further, the tax was levied on the whole of lot 57, extending west from Twenty-second street 507 feet and east therefrom 314 feet. Among the subdivided lots to the north the assessment did not extend beyond a depth of 184

feet. Section 73 of the law relating to cities of the metropolitan class provides that when "any public improvement shall extend into or through any unsubdivided tract, parcel, or parcels of land, said taxes shall be levied so as not to be charged against the real estate adjoining such improvement for a greater depth than the average distance through the subdivided real estate to be taxed for said purpose." Under this statute no portion of lot 57 lying more than 184 feet from Twenty-second street could be taxed. The evidence clearly shows that the assessment was made in an illegal manner and that it was grossly unjust. In fact the whole scheme of assessment is such as to indicate that an attempt was made under the guise of a local assessment to take back from the plaintiff two-thirds of the condemnation money awarded him. It is but just that where a portion of one's property is taken under circumstances allowing no deduction for benefits conferred upon the remainder, the remainder, if specially benefited, should bear its fair proportion of the cost of the improvement; but the courts will not permit municipalities to evade the provision of the constitution, that the property of no person shall be taken or damaged for public use without just compensation, by paying the compensation and then under the guise of taxation taking it back from the person entitled.

REVERSED AND REMANDED.