[No. 6034. Decided February 27, 1906.]

42    35
f42   697

GEORGE R. E. MONK *et al., Appellants,* v. THE CITY OF
BALLARD, *Respondent.*[1]

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—ASSESSMENTS—
NOTICE. Notice of the hearing of objections to a proposed assessment
for the construction of a sewer, which is not required by statute, does
not constitute constructive notice to the property owners, and cannot
have a binding effect on them, or estop them from subsequently
objecting to the proceedings.

SAME—PUBLICATION OF ORDINANCE. The publication of an ordinance, as by statute required, that the city was about to create an
assessment district for the construction of a sewer, is constructive
notice to the owners of contiguous property sufficient to put them
upon inquiry as to the fact of an assessment of their property therefor.

SAME—ACTION TO ANNUL ASSESSMENT—DILIGENCE. An action to
annul a special assessment to pay the cost of the construction of a
sewer is commenced within a reasonable time when it is brought by
the owners of contiguous property within thirty days after the going into effect of the ordinance approving the assessment roll.

SAME—ASSESSMENT ACCORDING TO VALUATIONS—BENEFITS. A local
assessment upon contiguous property to pay the cost of the construction of a sewer, levied upon all of the property in the assessment
district, in proportion to the assessment of the property for general
taxation, is invalid, being in violation of Const., art. 7, § 9, providing
that such assessments for local improvements shall be by special
assessment upon the property benefited.

SAME—ASSESSMENT FOR SEWER—APPROXIMATE PROPERTY. In case
of local assessments to pay for the construction of a sewer, property
legally assessable therefor as "approximate thereto" must be so situated as to be capable of using the sewer or deriving a special advantage therefrom, different in character from that enjoyed by the general
public.

[1]Reported in 84 Pac. 397.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 6, 1905, upon findings in favor of the defendant after a trial before the court without a jury, dismissing on the merits, on action to annul a special assessment. Reversed.

*Shank & Smith,* for appellants, contended, *inter alia,* that, in the absence of statutory provisions making the action of the council conclusive, this court has repeatedly held assessments void, regardless of failure to protest to the council. *Howell v. Tacoma,* 3 Wash. 711, *Elma v. Carney,* 9 Wash. 466, 37 Pac. 707; *Buckley v. Tacoma,* 9 Wash. 253, 37 Pac. 441; *New Whatcom v. Bellingham Bay Imp. Co.,* 9 Wash. 639, 38 Pac. 163; *Id.,* 10 Wash. 378, 38 Pac. 1024; *Haisch v. Seattle,* 10 Wash. 435, 38 Pac. 1131; *Kline v. Tacoma,* 11 Wash. 193, 39 Pac. 453. Actual special benefit is an essential element of valid special assessments for local improvements. *Vancouver v. Wintler,* 8 Wash. 378, 36 Pac. 278, 685; *Howell v. Tacoma, Elma v. Carney, New Whatcom v. Bellingham Bay Imp. Co., Haisch v. Seattle* and *Kline v. Tacoma, supra; In re Westlake Avenue,* 40 Wash. 144, 82 Pac. 279; *Hanscom v. Omaha,* 11 Neb. 37, 7 N. W. 739; *Paulson v. Portland,* 16 Ore. 450, 19 Pac. 450, 1 L. R. A. 673; *Oregon etc. R. Co. v. Portland,* 25 Ore. 229, 35 Pac. 452, 22 L. R. A. 713; *Gilmore v. Hentig,* 33 Kan. 156, 5 Pac. 781; *Thomas v. Gain,* 35 Mich. 155, 24 Am. Rep. 535; *Lee v. Ruggles,* 62 Ill. 427; Note, 14 L. R. A. 755-759. A tax is not a debt, and does not bear interest in the absence of statutory provision. *Lane County v. Oregon,* 74 U. S. 71, 19 L. Ed. 101; *Perry v. Washburn,* 20 Cal. 318; 27 Am. & Eng. Ency. Law (2d ed.), 777; 25 Id. 1231, and cases in note; *Seattle v. Whittlesey,* 17 Wash. 292, 49 Pac. 489; *Haskell v. Bartlett,* 34 Cal. 281.

*M. H. Ingersoll,* for respondent, contended that, if a landowner does not protest against an improvement when given an opportunity, he is precluded from raising any objections

not going to the jurisdiction of the municipality to make the assessment. *New Whatcom v. Bellingham Bay Imp. Co.,* 16 Wash. 131, 47 Pac. 236; *Tumwater v. Pix,* 18 Wash. 153, 51 Pac. 353; *Northwestern etc. Bank v. Spokane,* 18 Wash. 456, 51 Pac. 1070; *Heath v. McCrea,* 20 Wash. 342, 55 Pac. 432; *Annie Wright Seminary v. Tacoma,* 23 Wash. 109, 62 Pac. 444; *McNamee v. Tacoma,* 24 Wash. 591, 64 Pac. 791; *Potter v. Whatcom,* 25 Wash. 207, 65 Pac. 197; *Young v. Tacoma,* 31 Wash. 153, 71 Pac. 742; *Alexander v. Tacoma,* 35 Wash. 366, 77 Pac. 686; *O'Dea v. Mitchell,* 144 Cal. 374, 77 Pac. 1020; *Duncan v. Ramish,* 142 Cal. 686, 76 Pac. 661; *Wolff v. Denver* (Colo. App.), 77 Pac. 364. Appellants' property was contiguous. *Guild v. Chicago,* 82 Ill. 472; *Matthews v. Kimball,* 70 Ark. 451, 66 S. W. 651, 69 S. W. 547; *Meissner v. Toledo,* 31 Ohio St. 387; *Little Rock v. Katzenstein,* 52 Ark. 107, 12 S. W. 198; *Louisville etc. R. Co. v. East St. Louis,* 134 Ill. 656, 25 N. E. 962; *In re West Lake Avenue,* 40 Wash. 144, 82 Pac. 279. Even if part of appellants' lands are too low to be drained into the sewer, they are not for that reason exempt from assessment. *Boeres v. Strader,* 13 Ohio Dec. (reprint) 414; *Downer v. Boston,* 7 Cush. 277. The city council has exclusive discretion in all matters relating to street improvements and property benefited thereby. *Haisch v. Seattle,* 10 Wash. 435, 38 Pac. 1131; Elliott, Roads & Streets, 375; Cooley, Taxation, 661. Courts will not undertake to control the discretion of the officers of a municipal corporation. *Paulson v. Portland,* 16 Ore. 450, 19 Pac. 450, 1 L. R. A. 673; *Haisch v. Seattle, supra.*

Root, J.—This is an action on the part of appellants to annul a special assessment, made upon their lands by the respondent to assist in the payment for the construction of a sewer. Judgment went against appellants, denying their prayer for relief, and granting to respondent a judgment and decree of foreclosure for the amount assessed on the lands affected. Respondent's council, on June 30, 1903, enacted

ordinance No. 645, wherein it declared its intention to construct a main sewer on Sixth avenue west, and to establish an assessment district, and to assess the cost "against all the property included within such district which is contiguous or approximate to such streets in which such main sewer is placed, by levying special taxes upon such property within such sewer district in accordance with the last general assessment of the land, exclusive of all improvements, for city purposes," as provided by chapter 126, Laws of 1899, as amended by chapter 27, Laws of 1903. The ordinance estimated the cost and provided that all but $2,300 should be assessed against all the property within and comprising said assessment district.

Provision was made for the hearing of protests against the improvement on July 14. No protests were made or filed by these appellants. On the day last named, ordinance 653 was enacted, ordering the work and establishing the assessment district, as proposed by ordinance 645. Thereafter the sewer was constructed. On January 26, 1904, an assessment roll was reported to the council, levying a tax on all the land in the district theretofore created, and the city council by a resolution directed that objections to the roll should be made on February 9, at 8 p. m., and notice thereof should be published. Such notice was published January 30, and February 6. When the council convened at the time appointed, no objections were made or filed. Whereupon the assessment roll was adopted, and the tax levied by ordinance 742, which went into effect February 15. On the 13th of February, the city treasurer published a notice that said assessment roll had been certified to him for collection and that the assessments would be delinquent within thirty days; and if not paid, interest and penalty would be added, and the various lots and parcels of land sold to pay the respective amounts due thereon. This action was instituted March 14, 1904.

It is contended by appellants that their property covered

by this assessment, or at least a considerable portion of it, was so situated as to be physically incapable of deriving benefit from the construction, existence and maintenance of the sewer referred to. As to part of the property (tide lands) there would seem to be much force in this contention. But in view of the conclusion which we have reached upon another branch of the case, it is unnecessary for us to pass upon this question.

It is urged by respondent that appellants cannot question this assessment, for the reason that they did not appear and object at the time appointed for the hearing of protests against the making of the improvement, nor at the time appointed for the hearing of objections to the approval of the assessment roll. Appellants claim, and it seems not to be disputed, that they had no actual notice of their property being included in this assessment district, or of its being covered by the assessment roll, until they received notification from the city treasurer that the assessment roll had been certified to him for collection, which was only about a month before this action was commenced. They point out that the statute does not require nor make any provision for the giving of a notice by the city of the hearing of objections to the proposed assessment roll, and contend that the notice which the city published requiring all persons to appear and make any objections they might have to said assessment roll was a voluntary proceeding on the part of the city, not authorized, required, or provided for by any statute, and, consequently, not binding upon any one; that said notice, not being provided for by law, could not be such as to amount to constructive notice to appellants, and the neglect or refusal of the latter to appear at the time indicated by said notice could in no manner affect their rights or preclude or estop them from taking appropriate action thereafter to preserve or protect any rights and interests which might be affected or threatened by any procedure which the city or its officers

should attempt to take pursuant to said special assessment proceedings.

We are inclined to think that appellants' contention must be sustained. The notice, not being one required by the statute, could not constitute constructive or other notice to these appellants, and could have no legal binding effect upon them. They were, therefore, not bound by the action of the city council ratifying said assessment roll, but were at liberty to challenge the correctness of the same and to interfere with any attempt which the city should make to enforce the same if illegal, against their property, providing they þegan their proceeding to do so within a reasonable time after said assessment roll was approved and adopted and the tax levied. The publication of the ordinance declaring the intention of the city to make this improvement, and requiring any and all persons whose property was therein described to appear at a certain time and show cause, if any they had, why the said improvement should not be made and the district formed as therein suggested, doubtless constituted constructive notice to all persons owning property in said district which property was contiguous or approximate to any street or sewer, that the city was about to make said improvement and establish such district, and that the same would naturally culminate in the making of an assessment and levy of a tax on the property therein described. We think the publication of this ordinance, as by the statute required, was sufficient to put all such owners of such assessable property on the lookout and inquiry as to the time and fact of an assessment roll being made, approved, and certified to the city treasurer; and it would consequently be the duty of any owner of assessable property in said district, who felt himself aggrieved by the attempted assessment, to begin promptly such action as would be calculated to afford him relief against any illegal and unjust tax purporting to be levied against his property in and by said assessment roll. These appellants, having commenced their action within thirty days from the

time the ordinance went into effect, approving the assessment roll, we think were within a reasonable time.

It is urged by appellants that the tax sought to be levied was invalid and voidable, because made upon a basis which renders it obnoxious to the constitution. It is their contention that the special assessment for this sewer should have been levied upon the property benefited thereby proportionately to the benefits, instead of being levied upon all of the property in the district "in accordance with the last general assessment on the land, exclusive of all improvements, within said district for city purposes." We think this contention cannot be upheld. Section 9, art. 7, of the state constitution, has the following: "The legislature may vest the corporate authorities of cities, towns, and villages with power to make local improvements by special assessment, or by special taxation of property benefited." In the case at bar the ordinances providing for the improvement and for the assessment do not purport to levy the assessment and tax according to benefits, or solely upon property benefited; but a district is created and a tax levied upon all of the property in the district, after stating in the first ordinance an intention to assess the costs and expense of the improvement upon the property in said district which was "contiguous and approximate to said streets, according to the last general assessment." In the matter of special assessments to pay for local improvements, a statute is doubtless constitutional which provides that the cost shall be apportioned according to benefits, or upon the property benefited according to value of the property assessed, if the assessment be not in excess of benefits derived. The law in question may be construed as having these limitations, and is therefore doubtless valid. But it is evident that the assessment sought to be made herein was not in compliance with the statute so interpreted. The provisions in the ordinances are not consistent with one another or with the statute. An ordinance was enacted creating an assessment district. It does not appear that all of

the property included within the district is "contiguous or approximate to any street in which any main pipe or lateral pipe of such sewer" was placed, or intended to be constructed, as required by the statute. The assessment was levied upon *all* of the land in the district, regardless of any showing or finding as to its being "contiguous or approximate" to such streets, or of being specially benefited. Appellants maintain that their property is not "contiguous or approximate" to any street occupied, or to be occupied, by any pipe of such sewer or any of its laterals. It is admitted not to be contiguous. The question arises as to the meaning of the term "approximate." In this statute we think this word should have a more restricted meaning than in one providing a means of assessment to pay for improving a street, highway, park, or public place. In such cases the owner of property somewhat removed from, and not abutting upon, or contiguous to, the given street or public place, may nevertheless be able to reach such improved place so readily from his property as to give the latter a special benefit by reason of said improvement. But where the improvement is a sewer, it would seem that there could be no intent to pay for it by a special assessment, unless the property be so situated as to be capable of using the sewer or of deriving from its construction a special advantage different in character from that enjoyed by the public generally. In order for a sewer to be susceptible of use to a given parcel of land, there must be access from said land to said sewer without passing through the property of other individuals. If there be no street, alley, or other public way by or through which such land may be connected with the sewer, we do not believe it can be deemed to be "approximate" within the meaning of the statute in question, unless the sewer in some manner affords the property, on account of its location, a peculiar advantage or special benefit not shared in kind by other property not so situated.

We think the assessment attempted to be levied by this

proceeding upon appellants' land was voidable; and they having taken this proceeding timely to set the same aside, a judgment in their favor should be rendered. The judgment of the honorable superior court is reversed, and the cause remanded with instructions to grant the relief prayed for in the complaint.

MOUNT, C. J., CROW, HADLEY, FULLERTON, and DUNBAR, JJ., concur.