[No. 13386.  Department Two.  August 14, 1916.]

SCOTT SHASER *et al.*, *Appellants*, v. THE CITY OF OLYMPIA
*et al.*, *Respondents.*[1]

MUNICIPAL CORPORATIONS — PUBLIC IMPROVEMENTS — ASSESSMENT
ROLL—ATTACK—OBJECTIONS—APPEAL—STATUTES.  Where the city had
power to make the improvement and fraud did not inhere in the roll,
an independent action to set aside a local assessment cannot be
maintained by owners who failed to object and appeal from the con-
firmation of the roll, as required by Rem. 1915 Code, § 7892-23, al-
though the proceeding was initiated prior to the passage of the act,
since the assessment could be subsequently made under the act.

Appeal from a judgment of the superior court for Thurs-
ton county, D. F. Wright, J., entered January 21, 1916,
upon sustaining a demurrer to the complaint, dismissing
an action to set aside an assessment for a public improve-
ment.  Affirmed.

*Chas. D. King*, for appellants.

*Thos. M. Vance, Troy & Sturdevant*, and *George R. Bige-*
*low*, for respondents.

MAIN, J.—By this action it was sought to have an assess-
ment roll for a local improvement adjudged to be null and
void.  To the amended complaint, a demurrer was interposed,
and by the trial court sustained.  The plaintiffs declined to
plead further and elected to stand upon the amended com-
plaint.  A judgment was entered dismissing the action.  From
this judgment, the plaintiffs appeal.

The amended complaint is long and contains a somewhat
comprehensive history of the improvement from its initiation
to the time the present action was instituted.  It will be un-
necessary here to set forth in detail all the facts as they ap-
pear in the amended complaint.  It therein appears that the

[1]Reported in 159 Pac. 756.

improvement, which was that of the construction of a trunk
sewer, was initiated during the year 1910. The assessment
roll for this improvement was prepared subsequent to the
4th day of March, 1915, and was confirmed by the city coun-
cil on the 19th day of May, 1915. No objections to the roll
were filed with the city council prior to its confirmation, al-
though notice was published to the effect that the city coun-
cil would consider objections to the roll on the 19th day of
May, 1915.

It should be observed that this is an independent action in
equity seeking the annullment of the assessment roll, and is
not a case where a property owner or owners had filed objec-
tions to the roll with the city council, and from the confirma-
tion of the same appeal to the superior court, and in turn,
if the superior court should enter a judgment confirming the
roll, appeal to this court.

Section 23 of the local improvement code, Laws of 1911,
ch. 98, p. 455 (Rem. 1915 Code, § 7892-23), is as follows:

"Whenever any assessment roll for local improvements
shall have been confirmed by the council or other legislative
body of such city or town as herein provided, the regularity,
validity and correctness of the proceedings relating to such
improvement, and to the assessment therefor, including the
action of the council upon such assessment roll and the con-
firmation thereof, shall be conclusive in all things upon all
parties, and cannot in any manner be contested or questioned
in any proceedings whatsoever by any person not filing writ-
ten objections to such roll in the manner and within the time
provided in this act, and not appealing from the action of
the council in confirming such assessment roll in the manner
and within the time in this act provided. No proceeding of
any kind shall be commenced or prosecuted for the purpose
of defeating or contesting any such assessment, or the sale
of any property to pay such assessment, or any certificate of
delinquency issued therefor, or the foreclosure of any lien
issued therefor: Provided, That this section shall not be
construed as prohibiting the bringing of injunction proceed-
ings to prevent the sale of any real estate upon the grounds

(1) that the property about to be sold does not appear upon the assessment roll, or (2) that said assessment has been paid."

It is not claimed that the facts in this case bring it within either of the clauses specified in the proviso which authorize an independent proceeding. Even though the improvement was initiated prior to the passage of this law, the assessment roll being made and confirmed subsequent to the time when the law took effect, is governed by its provisions. This is distinctly held in the case of *In re Local Improvement Sewer District No. 1*, 84 Wash. 565, 147 Pac. 199. In that case a local improvement, the construction of sewers upon certain streets in the city of Chehalis, was initiated and the contract let for the same prior to the time when the local improvement code went into effect. The assessment roll for that improvement was prepared and confirmed subsequent to the time when the law became operative. Relative to the right of property owners whose property had been included in the assessment to appeal from the decision of the city council confirming the roll and the necessity for procedure, it was said:

"We conclude that Summersett *et al.* not only had the right of appeal from the decision of the city council confirming this assessment roll, but that they were by law required to so appeal or abide the decision of the council as final against them."

We think the remedy available to the appellants was to file objections to the assessment roll, and in the event of an adverse decision of the city council, to follow the procedure provided for in the local improvement code. Not having followed this remedy, they cannot now be heard to complain by an independent action in equity.

Whether an independent action in equity would lie if the city had proceeded without power, or if there were fraud inhering in the roll, it is not necessary here to determine. There

is no claim of lack of power, and the facts stated in the amended complaint do not show fraud.

The judgment will be affirmed.

MORRIS, C. J., HOLCOMB, BAUSMAN, and PARKER, JJ., concur.