[No. 16669. Department One. January 23, 1922.]

*In re Local Improvement Assessments in the* TOWN OF GRANDVIEW.[1]

MUNICIPAL CORPORATIONS (258, 260) — IMPROVEMENTS — ASSESSMENTS—TIME FOR FILING OBJECTIONS—HEARINGS. Under Rem. Code, § 7892-21, providing that property holders desiring to object to assessments for sewer construction by a municipality shall file their objections in writing with the clerk thereof prior to the date fixed for hearing by the council, such objections not filed prior to the date set for hearing are nevertheless timely made where the original hearing is adjourned to a later date, and the objections are filed prior to the adjourned hearing.

SAME (260)—IMPROVEMENTS—ASSESSMENTS—OBJECTIONS. Objections to an assessment for the construction of trunk and lateral sewers filed with a town council, though containing many things foreign to the inquiry on appeal before the superior court, were sufficient where they raised objections that the assessments were not levied according to special benefits, that they amounted to confiscation of property, and were unreasonable, oppressive, arbitrary and made upon a fundamentally wrong basis.

SAME (267-3)—IMPROVEMENTS—ASSESSMENTS—ARBITRARY ACTION. Under Rem. Code, §§ 7892-13, 7892-15, providing that assessments for trunk sewers under the zone system shall be distributed over all the property between the terminus of a trunk sewer to the middle of the block in an amount representing the reasonable cost of a local sewer, and the balance of the total cost shall be distributed over all the property within the entire district in accordance with special benefits and in proportion to area, an assessment was made arbitrarily and on a fundamentally wrong basis where two assess-

[1]Reported in 203 Pac. 988.

ments were made against the same property on account of the sewer being laid on two sides, unplatted average was omitted, and agricultural property in the outskirts was assessed at the same rate as business property.

SAME (267-3)—IMPROVEMENTS—ASSESSMENTS—BOUNDARIES OF DISTRICT—REVIEW. Though a local improvement diffuses benefits generally throughout a municipality, such fact will not sustain an arbitrary assessment which has proceeded upon a wrong basis and in direct opposition to the essential requirements of its statutes.

SAME (267-1)—QUESTIONS NOT REVIEWABLE. The action of a city council in excluding certain property from a proposed local improvement district will not be disturbed by the courts.

Appeal from a judgment of the superior court for Yakima county, Davis, J., entered February 21, 1921, upon findings in favor of the plaintiffs, in an action to annul an assessment roll, tried to the court. Affirmed.

*J. C. Hauschild, A. W. Hawkins, D. H. Bonstead,* and *Richards, Fontaine & Gilbert,* for appellants.

*Grady, Shumate & Velikanje,* for respondents.

MITCHELL, J.—On June 25, 1918, the town of Grandview, Washington, pursuant to a prior resolution, by ordinance established nine local improvement districts, 29 to 37 inclusive, for the purpose of constructing a sewer system consisting of a trunk sewer and sub-sewers or laterals. District 29 covered the trunk sewer, and the other eight districts the laterals. The district takes in a large area and includes the business section, the more thickly settled residence part of the town, and suburban and acreage property. Assessment or re-assessment rolls were prepared and filed. Notice was given that a hearing upon them would be had before the town council on September 24, 1918. It appears, outside of the recorded proceedings of the town council, that certain property owners appeared to object orally to the assessments, and upon being advised protests should be in writing, were told they could do so at an

adjourned meeting to be held on October 15, 1918. On October 15, written protests were filed by property owners now in the case. This meeting was again adjourned to October 29, 1918, at which time the protestants were heard by counsel. The meeting was again adjourned to November 12, 1918, at which time, after discussion, the protests were overruled, as appears by § 3 of ordinance number 133, confirming and approving the assessment rolls, wherein it is recited that all objections filed or called to the attention of the town council were fully heard and carefully considered and found to be not well taken, and ordered overruled in all respects. An appeal was taken to the superior court, with the result that the assessments were annulled in so far as they affected the property of appellants, who are respondents in this court (Rem. Code, §7892-22). From that judgment of the superior court, the town of Grandview has appealed.

The first question is whether the protestants were properly allowed to maintain their appeal to the superior court. The contention is that the written objections were not timely filed. The statute (Rem. Code, §7892-21; P. C. § 1009) provides that the notice of hearing on the assessment roll shall notify all persons desiring to object "to make such objections in writing and file them with such clerk at or prior to the date fixed for such hearing", and it is argued that, as the written objections were not filed at or before September 24, 1918, nor earlier than the first adjourned meeting, October 15, 1918, therefore they are too late, and that the superior court had no right to entertain the appeal upon its merits. The argument rests upon a part of § 7892-21, Rem. Code (P. C. § 1009); Laws of 1911, ch. 98, §21, p. 452, which provides: "All objections shall state clearly the grounds of objections; and objections not made

within the time and in the manner herein prescribed shall be conclusively presumed to have been waived'', and upon § 23, p. 455, of the same act, to the effect that, upon the confirmation of the assessment roll by the council, the validity and correctness of the proceedings relating to the improvement and assessment shall be conclusive in all things upon all parties, and cannot be questioned in any proceeding by any person not filing written objections to such roll in the manner and within the time provided in the act and not appealing from the action of the council in confirming the assessment roll.

Formerly a property owner, without appearing before the city council, could, within a reasonable time, contest the validity of special assessments for local improvements by an independent action in court. *Monk v. Ballard,* 42 Wash. 35, 84 Pac. 397. Since the act of 1911, however, assuming power in the city to make the improvement, and in the absence of fraud, such independent action cannot be maintained except for causes mentioned in § 23, which are non-existent here. *Shaser v. Olympia,* 92 Wash. 466, 159 Pac. 756. Evidently the purpose of the law was to change the remedy and provide for appearance in the proceedings before the legislative body of the city. It is the property owner's day in court, so to speak, and the penalty, upon his failure to so appear, is that he waives objections or the right to an independent suit in equity. But this does not argue that the city does not have the power, while the matter is yet pending and undetermined by an ordinance confirming and approving the assessment roll, to entertain protests filed in good faith. Had such been the intention of the legislature it would have said so. In *Van Der Creek v. Spokane,* 78 Wash. 94, 138 Pac. 560, speaking of these same provisions of the act of 1911, we said: ''Manifestly, these

sections apply to independent and collateral proceedings and not to objections made in the proceeding itself.'' Had the council refused to consider these written objections because not filed until after the date first fixed by its notice, a different question would be presented, but that it did consider them prior to and at the date of its confirmatory ordinance which was delayed, not to permit the filing of written objections but for another purpose, was, we think, within its power.

Next, it is claimed the written protests filed were not sufficient to raise the questions presented on the appeal from the approval of the assessment roll. An examination of the objections shows that, while they contain many things foreign to the inquiry made in the superior court, they were entirely sufficient to call the attention of the council to the claims that the assessments were not levied according to special benefits (in some cases no benefit at all), that they amounted to confiscation of property, were unreasonable, oppressive, arbitrary, and made upon a fundamentally wrong basis. The evidence supporting the judgment from which this appeal has been taken falls within the scope of the written objections, which are sufficient as to formality under the cases of *Real Estate Investment Co. v. Spokane*, 59 Wash. 416, 109 Pac. 1057, and *In re Patterson*, 98 Wash. 334, 167 Pac. 924.

Upon the merits, the statute, Rem. Code, § 7892-15 (P. C. § 1003), relating to the construction of trunk sewers, reads:

''In any such case the district created to bear such assessment shall be outlined in conformity with topographical conditions, and in case of trunk sewers, shall include as near as may be all the territory which can be sewered or drained through such trunk sewer and the subsewers connected thereto, . . . In distributing such assessments, there shall be levied against the

property lying between the termini of the improvement and back to the middle of the blocks along the marginal lines of the street or areas improved, such amounts as would represent the reasonable cost of a local sewer and its appurtenances, . . . suited to the requirements of such territory in the mode prescribed in section 7892-13, and the remainder of the cost and expense of such improvement shall be distributed over and assessed against all of the property within the bounds of said entire district in accordance with the special benefits conferred thereon and in proportion to area.''

Section 7892-13, Rem. Code (P. C. § 1001), just referred to, is the plan or system of assessments by subdivisions or zones paralleling the margin of a street or public place to be improved. Thus, by statute, in distributing the assessments for a trunk sewer, there shall be levied (1) against the property between the termini of the improvement and back to the middle of the blocks, such amounts as would represent the reasonable cost of a local sewer, in the mode prescribed in the section relating to the zone plan, and (2) the remainder of the total cost shall be distributed over all the property within the entire district in accordance with the special benefits conferred thereon and in proportion to area—not in proportion to area alone, but *in accordance with the special benefits and* in proportion to area.

The assessments for the trunk sewer that were approved by the city council were made by an engineer who lived in Spokane. He had never been in Grandview and knew nothing of the topography of the improvement district. He was wholly unacquainted with the different parcels of property as to whether they were improved or not, and he knew nothing of their locations with reference to the business and residence sections of the town. In arriving at part one of the

assessment for the trunk sewer (the zone plan) he took the general average of the cost per foot of the eight lateral sewers (whether the contract or estimated cost of them he could not tell), and assessed that amount against each foot of property abutting upon the trunk sewer, uniformly, between its termini, and regardless of the character of the different parcels of property or the special benefits conferred, if any. The testimony shows that a lateral sewer may be built in one part of the town at much less cost than in another; and there is no testimony to show what would be the reasonable cost of a local sewer at and along any point of the trunk sewer as laid. The statute, already noticed, requires that this part or subdivision of the assessment shall be determined by ascertaining the reasonable cost of a local sewer suited to the requirements of such territory, that is, the territory of the trunk sewer, not the reasonable cost of a local sewer suited to the requirements of some other locality. Again, as to this subdivision or portion of the assessment, it appears that in a number of instances where the trunk sewer is placed on two sides of a given piece of property, by its forming a right angle in its course, there has been an overlapping of the property by the burden of the assessment, apparently regardless of special benefits or the character of the property. And again, as to this part of the assessment, it appears that a considerable quantity of acreage belonging to ·the Northern Pacific Railway Company, included within the district and across which the trunk sewer passes, was erroneously or arbitrarily omitted. The statute, § 7892-13, Rem. Code (P. C. § 1001), provides that, where the assessment is by the zone plan, in case of unplatted property, the distance back shall be the same distance as included in the platted lands immediately adjacent thereto.

Concerning the second or remaining portion of the assessment, it was spread upon all the property in the whole district in proportion to area alone, so that one thousand square feet of cultivated land in the outskirts of the city was assessed the same as that quantity of land occupied by a hotel or other business house in the business portion of the city, in spite of the statute which required it to be distributed over the property in accordance with special benefits conferred and in proportion to area.

The rule is that the action of the city council in determining the amount of the assessment is conclusive, unless it is shown that the council acted arbitrarily, or proceeded upon a fundamentally wrong basis. *Moore v. Spokane,* 88 Wash. 203, 152 Pac. 999. Notwithstanding the fact that this improvement has diffused benefits generally throughout the municipality, that of itself is not sufficient, of course, to sustain this arbitrary assessment which has proceeded upon a wrong basis and in direct opposition to the wise and essential requirements of the statutes. "Taxation by special assessment is defensible only upon the theory of corresponding special benefits to the property assessed. Const., art. 7, sec. 9." *East Hoquiam Co. v. Hoquiam,* 90 Wash. 210, 155 Pac. 754; *In re West Marginal Way,* 112 Wash. 418, 192 Pac. 961.

Some contention is made by the respondents in support of the judgment that the city council erred in excluding certain property from the boundaries of the district. Oftener than otherwise, this is a difficult matter to determine. Exactness can seldom be attained. *In re Pine Street,* 57 Wash. 178, 106 Pac. 755; *Spokane v. Fonnell,* 74 Wash. 417, 135 Pac. 211; *In re Ninth Avenue,* 79 Wash. 674, 141 Pac. 61. Like the trial court, we are not disposed to disturb the action of the city

council with respect to the boundaries of the improvement district.

Judgment affirmed.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.