[No. 30478. Department One. March 15, 1948.]

*In the Matter of the Improvement of* CALIFORNIA AVENUE.[1]

*James Tynan,* for appellants.

*Leslie R. Cooper,* for respondent.

[1] Reported in 190 P. (2d) 738.

SIMPSON, J.—The appeal in this case seeks a review of the action of the superior court of Snohomish county in confirming a local improvement district assessment roll.

August 13, 1946, the city commissioners of the city of Everett, by ordinance, established a local improvement district for the purpose of placing sidewalks on both sides of California avenue between Fulton and Cedar streets. The length of the improvement was one block, or about two hundred sixty-four feet. The property sought to be benefited by the improvement was block 635 on the north side of California avenue and block 657 on the south side of the street, all in Swalwell's second addition.

Appellants Isaac Kosher and Celia Kosher own lots 15, and 17 to 22, inclusive, in block 657. Of these, lots 21 and 20 front on California avenue. Max Kosher, the other appellant, owns lot 16 in the same block, which is the fifth lot south of California avenue and in the west portion of the block. In front of lot 21 there were ten shade trees, and in front of lot 20 there was one such tree. The improvement was the same on each side of the street—that is, sidewalks were constructed, and catch basins and manholes were installed. The plans and specifications included the removal of the shade trees, as it was thought impractical to leave them near the new sidewalk.

The improvement was completed according to the specifications, and the contractor was paid the amount called for in his contract. The city commission determined that there was no benefit to the property on the north side of the street occasioned by the removal of the trees and assessed the cost of removing them to the property owned by appellants.

An appeal to the superior court resulted in the setting aside of the assessment roll. Thereafter, the city commission ordered that an amended assessment roll be prepared. The amended roll assessed the properties equally with the cost of removing the trees. This roll was approved August 26, 1947. September 2, 1947, the city commission, by order, rescinded the action approving the amended roll, and a motion was passed directing that the "costs of removal of

trees" be assessed, ninety-five per cent to the property on the south side of the street and five per cent against the property on the north side of the street. After a hearing on the last-mentioned assessment roll, it was approved by ordinance on October 14, 1947. Appeal was then taken to the superior court, where a trial was had to the court, with the result hereinbefore indicated.

Appellants' assignments of error are:

"(1) In holding that the municipality had power to assess private property for the cost of *removal* of ornamental shade trees in front of the same.

"(2) In approving and confirming an assessment roll where the cost of the improvement was not spread over the property in the district according to the zone plan and in compliance with Sec. 9365, Rem. Rev. Stats.

"(3) In approving an assessment roll where the cost of the improvement was not apportioned uniformly, and in accordance with benefits."

The removal of the shade trees was in the nature of clearing the street, and the cost of their removal was patently a cost of the improvement itself. Did the city commission assess in accordance with the benefits resulting from the improvement? The city commission first found that the property on the south side of the street had all of the benefits from the removal of the trees. Then the commission decided that the benefit was equal to both sides of the street. Then for no apparent reason, it fixed the benefits at ninety-five per cent to the south side and five per cent to the north side. There were eleven trees in all, ten fronting lot 21 and only one fronting lot 20, both lots being on the south side of the street. The commissioners, however, assessed the same costs to lot 21, and the lots immediately behind it, as they did to lot 20, and the lots immediately behind it. Certainly, the city commissioners were inconsistent. They assessed the south side for the removal of the trees because the trees had to be removed to protect the new sidewalk. They then assessed lot 20, and those back of it, the same as those headed by lot 21, though lot 20 had but one tree in front of it, while lot 21 had ten trees in front of it.

■ Our code, Rem. Rev. Stat., §§ 9352 to 9375, as amended by chapter 90, § 1, p. 218, Laws of 1941 (Rem. Supp. 1941, § 9365), chapter 190, § 1, p. 548, Laws of 1945 (Rem. Supp. 1945, § 9357), and chapter 155, § 1, p. 717, Laws of 1947 (Rem. Supp. 1947, § 9365), provides the exclusive method of making local improvements. The whole theory of the code is to charge to private property only that portion of the cost of the improvement which is of special benefit.

Contracts for improvements are let after notice to contractors is published. Contracts are awarded to the lowest responsible bidder, or, as in this case, to the bid deemed best for the city. The plans and specifications for the improvement under consideration were prepared in the usual manner, and with the notation thereon, "Note: Trees to be removed without risk to private property." The notice to contractors did not indicate that the cost of the removal of the trees was a special charge, or a special portion of the contract. On the other hand, the notice simply stated that on March 12, 1947, bids would be received

". . . for the improvement of California Ave. from Fulton St. to Cedar St. by grading to proper grade, installation of necessary drainage and the construction of concrete sidewalks and doing such other work as may be necessary in connection therewith."

■ The statutes do not provide for the dividing or allocating the cost of such improvements to the various portions of the work that make up the whole of the completed project. No authority has been cited, and, after diligent search, we have been unable to find any cases in support of the position taken by the city commission, of segregating a portion of the work and making a special assessment for such definite portion.

■ It is elementary that, where the actions of officers are made discretionary by statute, the courts will not disturb them. If, however, the officers' actions are arbitrary, tyrannical, or predicated upon a fundamentally wrong basis, then courts must interfere to protect the rights of individuals. *Moore v. Spokane,* 88 Wash. 203, 152 Pac. 999, and *In re Grandview,* 118 Wash. 464, 203 Pac. 988.

▮ On the record in this case, there can be no doubt that the city commissioners acted arbitrarily and proceeded upon a fundamentally wrong basis. Therefore, it must be held that the special assessments must be canceled and annulled. It is our conclusion that the cost of improving California avenue must be considered as a whole. Further, that the improvement is of equal benefit to the lots on the north and the lots on the south side of California avenue.

The judgment of the trial court will be reversed.

Rem. Rev. Stat., § 9374, in giving the right of appeal in cases involving local assessments, states in part:

"And the supreme court, on such appeal may correct, change, modify, confirm or annul the assessment in so far as the same affects the property of the appellant."

It is ordered that a certified copy of this opinion be filed with the city clerk of the city of Everett, Washington, who shall thereupon modify and correct the assessment roll relating to the improvement of California avenue, in accordance with this opinion.

MALLERY, C. J., MILLARD, SCHWELLENBACH, and HILL, JJ., concur.

―――――――

May 5, 1948. Petition for rehearing denied.