[No. 37184. Department One. June 16, 1966.]

STERLING REALTY Co., *et al.*, *Respondents*, v. THE CITY OF BELLEVUE, *Appellant*.*

*Reported in 415 P.2d 627.

*Hullin, Ehrlichman, Carroll & Roberts,* for appellant.

*Haugan, Shellan & Pain,* by *Gerard M. Shellan* and *Ferguson & Burdell,* by *Edward Hilpert, Jr.,* for respondents.

HUNTER, J.—The city of Bellevue appeals from a judgment permanently enjoining that city from attempting to assess respondents' properties by any method or device whereby local improvement district 59-S-13 would be divided into separate assessment units for the sole purpose of assessing the right-of-way acquisition costs against the unit from which the right-of-way was acquired.

The history of local improvement district 59-S-13 and of the litigation which ensued is as follows:

In May, 1960, the Bellevue City Council passed ordinance 359, establishing a local improvement district designated as LID 59-S-13. The LID was formed to locate, establish and construct an 8-block, connecting right-of-way, to be known as 106th Avenue N.E., between Bellevue's two main, east-west thoroughfares, Main Street and N.E. 8th Street. Ordinance 359 provided for the establishment of three separate assessment units within the district: unit A, including the south two blocks of the new avenue; unit B, including the center four blocks; and unit C, including the north two blocks. The basis for the division was the difference in the nature of the rights-of-way existing in each unit. In unit A, the public apparently owned some prescriptive rights in an existing oiled road; in unit B, the city owned the necessary right-of-way, which had been donated by the abutting owners; in unit C, the city owned no right-of-way.

Respondents are the owners of the great majority of the property in unit C. The owners in this unit and in unit A chose not to donate the necessary right-of-way, so the city acquired it by condemnation. The total cost to the city of this acquisition was $112,427.75 for the right-of-way in unit C, and $35,339.79 for the right-of-way in unit A.

As found by the trial court, the construction of 106th Avenue N.E. was undertaken and completed as a single work project, consisting of an even 60-foot right-of-way, the traveled portion of which is 43 feet, including curbing, storm sewers, and other appurtenances. In February, 1963, the Bellevue City Council adopted ordinance 569, which confirmed the final assessment roll of LID 59-S-13. The assessment roll segregated the right-of-way acquisition costs from the construction costs, assessing the construction costs throughout the district in accordance with the zone and termini method of assessment, RCW 35.44.030, and assessing the right-of-way acquisition costs solely against the unit in which such costs were incurred. The total costs of the improvement were apportioned as follows:

| | |
|---|---|
| Unit A right-of-way acquisition cost | $ 35,339.79 |
| Construction cost | 38,747.98 |
| Total | $ 74,087.77 |
| Unit B right-of-way acquisition cost | NONE |
| Construction cost | $ 71,381.53 |
| Total | $ 71,381.53 |
| Unit C right-of-way acquisition cost | $112,427.75 |
| Construction cost | 38,281.43 |
| Total | $150,709.18 |

Respondents appealed from the assessment roll to the King County Superior Court. The superior court orally decided on April 19, 1963, that the city had proceeded on a fundamentally wrong basis in its assessments since there is no statutory authority to divide a local improvement district into sections for the purpose of assessing right-of-way acquisition costs. The court also pointed out that the original ordinance 359 contained an express declaration that the

zone and termini method provided by statute would be followed. The court correctly stated that RCW 35.43.080 requires the zone and termini method of assessment, unless the authorizing ordinance provides that assessments will be made on a different special benefits basis. *Hargreaves v. Mukilteo Water Dist.*, 37 Wn.2d 522, 224 P.2d 1061 (1950). Counsel for the city requested and was granted additional time for argument to the trial court before entry of the final judgment. In the meantime, the property owners in unit B intervened in the suit. Respondents' proposed findings of fact, conclusions of law and decree were to be presented to the trial court on May 10, 1963. However, when the court convened on that day, counsel for Bellevue moved for dismissal of the action on the ground that the city council had enacted a new ordinance, 592, which repealed the assessment roll to which respondents were objecting.

The city council had in fact passed two pertinent ordinances: 592, which repealed the assessment roll; and 593, which amended the authorizing ordinance 359 so as to provide for assessment of the construction costs on a zone and termini method throughout the improvement district, but also providing:

> Section 5. Assessment subdivisions. There are hereby created three assessments subdivisions, comprised of the three units described in Section 2 of Ordinance 359, which three units comprise all of the property within local improvement district No. 59-S-13 specially benefitted by the improvement ordered in Ordinance No. 359. The City Council finds that the property within each of these respective assessment subdivisions is specially benefitted by the acquisition of right-of-way within the respective subdivisions in a manner unlike the properties in the other subdivisions. The property within subdivisions A and C are specially benefitted by the acquisition of rights-of-way within the respective subdivisions and, accordingly, the property within each of these subdivisions shall be assessed to pay the costs and expense of the right-of-way acquisition within their respective subdivision.

It was the opinion of the trial court that ordinance 593, and in particular that section just quoted, set up the same method of assessment just declared illegal by the court's

oral opinion. Accordingly, the court denied the city's motion to dismiss and granted respondents a temporary restraining order which prohibited the city from proceeding to assess respondents' properties under ordinance 593 or in any manner inconsistent with the court's previous oral decision. The city thereafter appealed to this court. This court issued its limited remittitur for the purpose of entry of findings of fact, conclusions of law, and judgment and decree by the trial court. These were entered, and the final judgment permanently enjoined the city of Bellevue in the manner previously indicated. Bellevue appeals to this court.

The basic issue to be decided is whether a city may divide a continuous, uninterrupted local improvement district into units, and assess the costs of construction throughout the district on a zone and termini basis, yet at the same time segregate the costs of right-of-way acquisition, and assess such costs against the unit from which the right-of-way was acquired. For reasons to be discussed, we hold that cities do not have the legal power to so assess.

We begin by noting that the specific issue presented has never been answered directly. Several preliminary and underlying propositions have been established by our cases and statutes, however. Thus,

(1)    [p]roperty not benefited by local improvements may not be assessed, and special assessments for special benefits cannot substantially exceed the amount of the special benefits. *In re Schmitz*, 44 Wn.2d 429, 433, 268 P.2d 436 (1954), and authorities cited therein.

(2) The zone and termini method is a method of apportioning these special benefits on the basis of area and proximity to the improvement. RCW 35.44.030.

(3) This zone and termini method of assessment must be followed unless the ordinance (or resolution) ordering the improvement provides that

> *"the assessment shall be made against the property of the district in accordance with the special benefits it will derive from the improvement without regard to the zone and termini method . . . ."* Har-

*greaves v. Mukilteo Water Dist., supra;* RCW 35.43-.080.

(4) The cost and expense of any such improvement shall be distributed and assessed against *all* the property included in such local improvement district, *in accordance with the special benefits conferred thereon.* (Italics ours.) RCW 35.43.220.

(5) A benefit that a particular piece of property may receive by reason of the improvement is not measured alone by the physical character or cost of that portion of the improvement upon which the property abuts. The question is, to what extent is the particular tract or property benefited by the entire improvement, and is it assessed proportionately with the other property included within the assessment district. *La Franchi v. Seattle,* 78 Wash. 158, 165, 166, 138 Pac. 659 (1914).

A review of these settled propositions and of the statutes which govern the assessment procedure in local improvement districts, convinces us that two concepts are basic to the assessment procedure. The method utilized is to assess each parcel of land within the district as nearly as reasonably practicable in accordance with the special benefits gained by that parcel from the entire improvement, and to assess each parcel its *proportionate share* in relation to other parcels throughout the improvement district. As phrased by Professor Trautman in his article "Assessments in Washington," 40 Wash. L. Rev. 100, 120, "The questions are: to what extent is the particular tract benefited by the entire improvement, and is the particular tract assessed proportionally with the other property included within the improvement district."

The appellant city argued that it was prepared to prove that respondents' properties were specially benefited in an amount equal to or greater than the proposed assessment. Conceding this, we do not accept the city's argument that the other property within the improvement district was specially benefited any less, proportionately, by the improvement than was respondents' property. In other words, appellant city may satisfy the first basic concept—to assess each parcel of land in accordance with the special benefits gained from the improvement—but it fails to qualify its

proposed assessment procedure under the other basic concept: that each parcel of land bear its *proportionate share* in relation to the other specially benefited land within the improvement district.

The zone and termini method provided by statute is one method of apportioning special benefits throughout a local improvement district. If the formula set up by the statute does not fairly reflect the proportionate special benefits, then the authorizing resolution may specify that this formula will not be followed and that an appropriate special benefit formula will be utilized. "Special benefits" refer to the special, as opposed to general benefits gained by property from the improvement which is constructed. Either the zone and termini method fairly reflects these special benefits, or it does not. But it is foreign to the theory of the assessment statutes to use both the zone and termini formula *and* some other formula.

The appellant city contends that a close reading of the local improvement district statutes upholds its proposed assessment procedure. The city first argues that RCW 35.43.050 authorizes cities to divide an improvement district into units and assess each unit separately. The statute provides:

> Authority—Noncontinuous improvements. A local improvement district may include adjoining, vicinal or neighboring streets, avenues and alleys even though the improvement thus made is not connected or continuous: *Provided,* That the cost and expense of each continuous unit of the improvement shall be ascertained separately, as near as may be, and the assessment rates shall be computed on the basis of the cost and expense of each unit.

This statute clearly governs noncontinuous improvements only. It furnishes no support for the city's argument in the present case, which concerns dividing a continuous improvement into units.

Similarly, we find no applicability to the present case of the proviso in RCW 35.43.080:

> *Provided,* That if the local improvement is such that the special benefits resulting therefrom extend beyond the boundaries as above set forth, the council may create an

enlarged district to include as nearly as practicable all the property to be specially benefited by the improvement; . . . except that the petition or resolution may describe it as an enlarged district and state what proportion of the amount to be charged to the property specially benefited shall be charged to the property lying between the termini of the proposed improvement and extending back from the marginal lines thereof to the middle of the block (or ninety feet back) on each side thereof, and what proportion thereof to the remainder of the enlarged district: . . . .

The city argues that the proviso permits assessing an area separately on a special benefits basis. The proviso only relates to the creation of an enlarged local improvement district where property which lies beyond the center line of the abutting blocks is also specially benefited. It therefore has no relation to the instant case.

The city relies, in part, upon RCW 35.44.010, which provides:

Assessment district—All property to be assessed—Basis. All property included within the limits of a local improvement district shall be considered to be the property specially benefited by the local improvement and shall be the property to be assessed to pay the cost and expense thereof or such part thereof as may be chargeable against the property specially benefited.

We find nothing in this statute to support the city's argument that a specific part of the cost of an improvement may be assessed against a part of the district if the council finds that part of the district to be specially benefited by that particular expenditure. The statute permits a city to exclude part of the cost of an improvement from being assessed against the property of the district, and provides that all the property of the district shall be assessed its share of the cost and expense "thereof," meaning the improvement in its entirety.

Appellant city also contends that RCW 8.12.190 contemplates an assessment of respondent Sterling's property in the manner proposed by ordinance 593, *supra.* This statute relates to damage awards to be made in condemnation actions for the taking of property in a local improvement district. Its

object is to avoid the unconstitutional assessment of property which is damaged, for the very purpose of paying such damage. *Seattle v. McElwain,* 75 Wash. 375, 134 Pac. 1089 (1913), overruled on other grounds in *In re Seattle,* 115 Wash. 535, 197 Pac. 784 (1921). This problem has not been raised in the instant case and the statute is of no assistance to us in the disposition of the issues before us on this appeal.

The city also relies upon RCW 35.44.020:

> Assessment district—Cost items to be included. There shall be included in the cost and expense of every local improvement for assessment against the property in the district created to pay the same, or any part thereof:
>
> . . . .
>
> (6) All cost of the acquisition of rights of way, property, easements or other facilities or rights, whether by eminent domain, purchase, gift, or in any other manner: *Provided,* That the costs enumerated in this subsection may be excluded from the cost and expense to be assessed against the property in such local improvement district if the legislative body of such city or town so designates by ordinance.

The city argues that the above statute permits assessment of right-of-way acquisition costs against any part of the local improvement district. We find no implication in this statute that a city may segregate a single cost item to be assessed against part of a local improvement district. The case of *In re California Avenue,* 30 Wn.2d 144, 190 P.2d 738 (1948), answers the city's argument in regard to this statute. Although the *California Avenue* case did not deal with the particular cost item of right-of-way acquisition cost, which was later added to the statute, the rule of the case is nevertheless applicable. *In re California Avenue* involved a local improvement district established for the purpose of placing sidewalks along both sides of a street for a distance of one block. The cost of removing shade trees along one side of the street was assessed 95 per cent against the lots on that side of the street, and 5 per cent against the lots on the other side of the street. This court there stated:

The removal of the shade trees was in the nature of clearing the street, and the cost of their removal was patently a cost of the improvement itself.

. . . .

The statutes do not provide for the dividing or allocating the cost of such improvements to the various portions of the work that make up the whole of the completed project. No authority has been cited, and, after diligent search, we have been unable to find any cases in support of the position taken by the city commission, of segregating a portion of the work and making a special assessment for such definite portion.

. . . .

On the record in this case, there can be no doubt that the city commissioners acted arbitrarily and proceeded upon a fundamentally wrong basis. Therefore, it must be held that the special assessments must be canceled and annulled. *It is our conclusion that the cost of improving California avenue must be considered as a whole.* (Italics ours.) 30 Wn.2d 144, 146, 147, 148.

See, also, 14 McQuillin, Municipal Corporations § 38.117, p. 48 (Cum. Supp. 1965.)

We conclude that our statutes do not permit a city or town to divide a continuous local improvement project into units in order to assess the cost of acquisition of rights-of-way against the units from which the rights-of-way were acquired. The assessment procedure chosen by the city or town must be reasonably based upon special benefits derived from the entire project in relation to all the other property within the local improvement district.

The city further contends, however, that it should be able to consider how the right-of-way was acquired— whether by gift or condemnation or any other method, in order to proportion properly the special benefits to all the property of the district. This contention was answered in the early case of *Spokane v. Kraft*, 82 Wash. 238, 242, 243, 244, 144 Pac. 286 (1914). It was there stated:

The [assessment] figures indicate a purpose to maintain the intent of the former assessment to make the property

owner bear an award in condemnation proceedings by charging it back in the way of an assessment for benefits, an intent which in all of these proceedings has been but ill concealed.

In some of our cases where there was no question of relative benefit, the court has said that a property owner could not complain of the amount of the assessment, provided it did not exceed the benefits. In those cases the questions of relative value seem not to have been raised. It has never been our purpose to hold, for it is not the law, that a property owner can be compelled to give his property for a public use without compensation; or, in meeting a burden common to the public, pay more than his relative share. The question here is, not whether the particular property is benefited, but whether all property relatively benefited bears its equable and equitable proportion of the costs of the property or improvement.

. . . .

While the temptation to put the burden of payment upon the property owner in such cases may be strong, yet *the law is such that the board should disregard entirely the source from whence the property comes, and treat the claimant in a condemnation suit when his day for assessment comes as it would one whose property had not been taken, and assess benefits, if any, accordingly.* (Italics ours.)

The city finally contends that the trial court was without jurisdiction to enjoin the city, since the statutory procedure calls for appeal from a final assessment roll and makes no provision for injunctions before that step. As previously indicated, it was the trial court's opinion, as it is ours, that Bellevue's passage of ordinances 592 and 593, *supra,* was in effect a circumvention of the trial court's oral decision. We have determined that the assessment procedures contemplated in ordinance 593, *supra,* are illegal. We therefore hold that the trial court properly enjoined appellant city from doing that which constituted an illegal circumvention of the trial court's decision.

Included in respondents' brief was a motion to dismiss this appeal because of the late filing of appellant's opening

brief. We find that the respondents were not prejudiced by the late filing, and the motion is therefore denied.

The judgment is affirmed.

ROSELLINI, C. J., HILL, OTT, and HALE, JJ., concur.