ROBERT L. GILLIAM ET AL., APPELLEES, V. CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT.

164 N. W. 2d 658

Filed February 7, 1969. No. 37017.

Ralph D. Nelson and Jack B. Lindner, for appellant.

Reller, McArthur & Hayes and A. James McArthur, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

In 1965 the City of Lincoln, Nebraska, created Improvement District No. 77 for the purpose of improving Forty-fourth Street. Ordinance No. 8826 which created the district provided that the improvement to be made was the opening and widening of a part of Forty-fourth

Street to a width of 60 feet by acquiring 30-foot strips from 7 lots which abut upon the street. The district included only the 7 lots from which land was to be taken.

The plaintiffs own 4 of the lots that were included within the district. This action was brought to declare ordinance No. 8826 and the assessment levied under it void and unenforceable.

The trial court found that the ordinance and the assessments levied under it were void. The defendant's motion for new trial was overruled and it has appealed.

The record shows that the improvement actually undertaken was the opening and widening of Forty-fourth Street from Edison Street to Turner Street; that the city excluded from Improvement District No. 77 all property whose owners had voluntarily conveyed property for the street; that prior to the acquisition of the street by the city, the street was open to and used by the general public; that Improvement District No. 77 did not provide for any construction on Forty-fourth Street; and that the special assessments were levied against the plaintiffs solely to reimburse the city for the costs of acquisition of property located in the improvement district.

The only foundation for a local assessment lies in the special benefits conferred upon the property assessed. An assessment beyond the benefits conferred is a taking of property for public use without compensation and is illegal. Wiborg v. City of Norfolk, 176 Neb. 825, 127 N. W. 2d 499.

Special assessments are to be made and levied on the basis of special benefits accruing to the property as the result of the improvement and not on the basis of the cost of the improvement made immediately in front of the property. Chicago & N. W. Ry. Co. v. City of Seward, on rehearing, 166 Neb. 662, 90 N. W. 2d 282; Schneider v. Plum, 86 Neb. 129, 124 N. W. 1132.

The assessment of benefits for a public improvement is separate from the condemnation of the land for a

public purpose. Benefits represented by special assessments must be paid or deducted by condemnees in the same manner and in the same proportion as other property owners benefited by an improvement. City of Lincoln v. Marshall, 161 Neb. 680, 74 N. W. 2d 470. See, also, Shannon v. City of Omaha, on rehearing, 73 Neb. 514, 106 N. W. 592; Sterling Realty Co. v. City of Bellevue, 68 Wash. 2d 760, 415 P. 2d 627; Pickering Hardware Co. v. City of Cincinnati, 149 Ohio St. 275, 78 N. E. 2d 563.

The evidence in this case shows that Forty-fourth Street was open to and used by the public prior to the creation of Improvement District No. 77. There has been no benefit in the form of construction upon the street. The finding of the district court that the plaintiffs received no special benefits from the establishment of Improvement District No. 77 and that the sole purpose of the district was to levy assessments against the plaintiffs for the taking of their property is sustained by the record.

The following statement from Cain v. City of Omaha, 42 Neb. 120, 60 N. W. 368, is applicable here: "In fact the whole scheme of assessment is such as to indicate that an attempt was made under the guise of a local assessment to take back from the plaintiff two-thirds of the condemnation money awarded him. It is but just that where a portion of one's property is taken under circumstances allowing no deduction for benefits conferred upon the remainder, the remainder, if specially benefited, should bear its fair proportion of the costs of the improvement; but the courts will not permit municipalities to evade the provision of the constitution, that the property of no person shall be taken or damaged for public use without just compensation, by paying the compensation and then under the guise of taxation taking it back from the person entitled."

The judgment of the district court is affirmed.

AFFIRMED.