————o————

MARY L. TYLER, Defendant in Error, vs. THE CITY OF ST. LOUIS, et al., Plaintiffs in Error.

1. *St. Louis, City of—Land Commissioner—Assessments must not exceed benefits.* —Section 3, Art. VIII, of the Act of 1870, revising the Charter of the City of St. Louis (Sess. Acts, 1870, p. 478), provides that the Land Commissioner's jury shall assess property of owners, adjoining land condemned for street openings, "in proportion that such property may be respectively benefited by the proposed improvement." Under that section, an instruction to the jury that they are bound to find a verdict, for the amount of damages although they may be of the opinion that the sums to be assessed against adjoining land-owners therefor, may be in excess of the actual benefits derived by the property, is manifest error. Under such instruction, private property may be taken without just compensation in the way of benefits.

*Error to St. Louis Circuit Court.*

*E. P. McCarty* City Counsellor, for Plaintiffs in Error.

The requirement that the assessment shall be made "according to the value of the property to be assessed, and in proportion that such property may be benefited by the proposed improvement" (Sess. Acts, 1870, p. 478, § 3), was not intended to regulate and limit the assessment upon a given piece of property by the actual benefit it may have received. The word "proportion" was not used in the sense of "equal." Under that section, the assessment is to be according to the

value of the property assessed, and the proportion or ratio which each piece bears to the whole amount assessed, be it more or less than the actual benefit it will derive from the improvement.

*Hitchcock & Lubke, and Player*, for Defendant in Error.

Under § 3, of the Revised Charter (Sess. Acts, 1870, p. 478,) the jurisdiction of the Land Commissioner's jury to make assessments, is limited by the amount of benefits. Hence, the assessment beyond them was *ultra vires*, and void.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding by injunction against the City of St. Louis, its Land Commissioner and City Marshal, to restrain the sale of certain real estate of the plaintiff, under an execution for alleged benefits adjudged against her, in the opening of Branch Street. A temporary injunction was granted by the court below at Special Term, and upon a return of the summons the defendant filed a demurrer to the petition, alleging as ground of the demurrer "that the facts therein stated are not sufficient to constitute a cause of action against the defendants; that there is no allegation that plaintiff was not notified of said proceedings of said Land Commissioner." This demurrer was overruled, and defendants then declined to plead further ; whereupon a final decree and perpetual injunction were entered for plaintiff. After a motion for a rehearing had been made and overruled, the case was taken to General Term, where the judgment was affirmed and the defendant sued out a writ of error.

The petition alleged that the plaintiff was the owner of a lot of ground within the city limits, and that on the 17th of June, 1863, the City Council passed an ordinance numbered 5123, entitled an ordinance to establish and open Tyler and Branch streets, and on the 4th of June, 1864, a separate ordinance to open Branch street. By this last ordinance Branch street was established, its dimensions and boundaries fixed, and the Land Commissioner of the city was "authorized and instruc-

ted to cause the above mentioned Branch street to be opened according to the charter and ordinance." It was further stated in the petition, that the real estate of the plaintiff was in the vicinity of, and partly fronted upon the proposed Branch street; that under the two ordinances above mentioned, the Land Commissioner of the city in May, 1870, impaneled a jury of six persons, and proceeded to assess benefits and damages for the opening of this street, and assessed against plaintiff's property as benefits alleged to have been obtained by it, by the proposed street, $389.00; for which sum judgment was rendered against plaintiff and her property; that this verdict was confirmed by the City Council July 8th, 1870, and on the following 6th of December, an execution was issued by the Land Commissioner for said sum against plaintiff and her property, and delivered to the marshal of the city, and by him it was levied upon plaintiff's lot of ground and a sale was advertised to be made by the marshal on the 13th of February, 1871. The injunction was asked for to restrain this sale, on the ground that the threatened sale and all prior proceedings in relation thereto, were a cloud upon plaintiff's title.

The petition also alleged and charged that the proceedings of the Land Commissioner and the city in the premises mentioned, were illegal and void for the following reasons and matters of fact, which it was averred did not appear in the record of the Land Commissioner, so that *certiorari* would not help plaintiff. First, that at no time prior to the impaneling of the jury was any effort made by the city, to agree upon the value of the property to be taken for the proposed street with the owners thereof, as the charter of the city in force at the date of the ordinances establishing the street required: Second, that before the charter was modified with respect to the necessity of such attempt at an agreement with the owners of property to be taken on the 23rd of March, 1869, the Land Commissioner without the knowledge or approbation of the other parties interested in the subject, under color of § 7, Art. 8, of the city charter of March, 1867, en-

tered into an agreement with Margaret Davis and Ann G. T. Farrar, two of the persons who owned property in the line of, and adjoining, the proposed street, and the persons directly and principally benefited by its establishment, whereby in consideration that said Davis and Farrar dedicated that portion of their property falling in the line of the street, they should be, and were exempted from all further assessments for benefits to their property for the further opening of the proposed street, i. e., for its opening beyond the line of their ownership in the line of the proposed street.

It is then averred, that after the jury had ascertained the value of the property to be taken for the proposed street, and had estimated as to how the adjoining property was benefited by it, they reported to the Land Commissioner, that they could not distribute the cost equitably and justly, or in proportion to benefits sustained upon the adjoining property including that of plaintiff, unless they were permitted to include in this distribution and assessment, the lands of said Davis and Farrar; in other words, that said Davis and Farrar were benefited by the whole opening of the street in excess of the value of the property dedicated by them. Upon this report of the jury coming in, it is alleged that the Commissioner instructed them orally, "that although they might believe that the said lands of the said Davis and Farrar, had been or would be so benefited as aforesaid, by such opening. yet the said jury were not authorized to include the said property owned by the said Davis and Farrar, in making such assessment of benefits for the opening of said street beyond the limits of the land agreed to be dedicated as aforesaid; and that they, the said jury, were bound to agree upon a verdict, by assessing the cost of said land so to be taken for said street, not including that to be deducted as aforesaid against the other adjoining lands, and lands in the neighborhood, although the jury might be of the opinion that the sums thus respectively to be assessed, would be largely in excess of the actual benefit derived by the property thus assessed; that in consequence of said instruction the jury did agree and made

the assessment mentioned against the plaintiff, which it is charged is illegal and oppressive, and largely in excess of the actual benefits derived by plaintiff's property.

We do not think that there is much force in the argument that the proceedings were void, because there was no attempt to make an agreement with the owner of the property prior to taking any steps in relation to condemnation. Nor can the arrangement with Mrs. Davis and Mrs. Farrar be construed as the commencement of proceedings for that purpose. It was a private agreement between Mrs. Davis and Mrs. Farrar, and had no relation to the plaintiff in this suit, or any other property-holder affected by the opening of the new street. It is true that when the ordinance was passed, there was a provision in the city charter which required that before any property was taken or condemned for public use, an attempt should first be made to agree upon a price with the owner. But in the present case the proceedings in relation to assessment and condemnation, were all had under the charter of 1870, in which the provision above referred to was repealed. There was therefore no necessity or requirement for attempting to effect an adjustment with the plaintiff.

But the main point in the case is in reference to the instructions of the Land Commissioner to the jury, which it is alleged procured the verdict of which the plaintiff complains.

The 3rd section of Art. 8, of the charter of 1870 (Acts Add'j Sess. 1870, p. 478); limits the right to assess, against the "property benefited," * * * "and in proportion that such property may be respectively benefited." The only theory on which these assessments for benefits rests is, that the enhanced value which the property derives from the improvement, is an equivalent for the burdens. But the Commissioner instructed the jury that after making the deductions above referred to, they were bound to find a verdict, although they might be of the opinion, that the sums thus respectively to be assessed would be largely in excess of the actual benefit derived by the property. The instruction abandons the idea of just compensation in the way of benefits and

cannot be supported. The Land Commissioner and jury had only such jurisdiction as the statute conferred upon them. That jurisdiction was to make the assessment against the "property benefited," * * * "and in proportion that such property may be respectively benefited." This "proportion" the law permitted them to make, and they could go no further. Hence the verdict was illegal, and the court did right in restraining its execution.

The judgment is affirmed, the other judges concurring.