Brown Real Estate Co. v. Lancaster County.

prejudicial error in the record, and the judgment of the district court is therefore

AFFIRMED.

---

BROWN REAL ESTATE COMPANY ET AL., APPELLANTS, V. LANCASTER COUNTY ET AL., APPELLEES.

FILED JULY 13, 1923.   No. 23386.

1. **Highways:** PAVING: SPECIAL ASSESSMENTS. The provision in section 2627, Comp. St. 1922, relating to special assessments, that the county board shall by resolution "fix and determine and levy the assessments upon each lot, tract and parcel of land, or portion thereof, in proportion to the net benefits derived by each by reason of such improvement," construed, and *held* to mean, in proportion to such benefits, but not in excess of the special benefits derived from the improvement by each lot or tract.

2. ——: ——: ——. The language of section 2627, Comp. St. 1922, as to the assessment of benefits and the provisions of section 6, art. VIII of the Constitution of Nebraska, by implication limit the amount of assessment for local improvements to the special benefits severally accruing to the lots or parcels of land thereby affected.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING. JUDGE. *Affirmed.*

*Field, Ricketts & Ricketts,* for appellants.

*Hainer & Flansbury, Charles E. Matson, Max G. Towle, L. R. Doyle, C. J. Campbell* and *H. R. Ankeny, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, ALDRICH, DEAN and DAY, JJ., BLACKLEDGE and COLBY, District Judges.

LETTON, J.

The purpose of this action is to enjoin the county treasurer of Lancaster county from selling any of the properties of the plaintiffs in paving district No. 38 for nonpayment of special assessments; to declare that section 1, ch. 152, Laws 1917, section 2625, Comp. St. 1922, requiring that the costs of a public improvement made under said act, less the aid that shall be voted by the

county, shall be levied as special assessments upon the property of the district is void, being in conflict with the Constitution of the United States, and with section 21, art. I of the Constitution of the state of Nebraska; and that the respective titles of plaintiffs to property owned by them respectively in the paving district be quieted as against such special assessments.

The petition sets forth a resolution by the board of county commissioners of Lancaster county, creating paving district No. 38. This resolution designates the proportion of the total cost of the improvement to be paid out of the county paving fund at $10,000 per mile, "which proportion shall not be more than one-half the total cost per mile." The resolution also provided that the entire cost of the improvement, "less the above designated county aid and less any state and federal aid which may hereafter be designated, shall be assessed against the property benefited in said district in proportion to the benefits derived from said improvement not exceeding the actual cost thereof." It is alleged that the improvement was made and accepted; that the county board pretended to sit as a board of equalization, passed a resolution finding that all the property within the district had received net blanket benefits in the amount of $244,222.60; that the recitals in the resolution as to the assessment of benefits to the properties in the district being just and equitable were untrue, because the county board did not visit and identify the respective properties, nor take any evidence; that the board was governed by section 1, ch. 152, Laws 1917, section 2625, Comp. St. 1922; that this section fixes an arbitrary proportion of the cost of the improvement that should be levied on the property of the district, and is unconstitutional and void. Demurrers to the petition were sustained by the court. From a judgment dismissing the action plaintiffs appeal.

The argument, both oral and in the printed briefs, was devoted practically to one proposition, which is, the

unconstitutionality of the second and third paragraphs of section 2625, Comp. St. 1922, which is part of the act relating to paving county roads. The contention is that, after the proportion which the county shall pay has been designated, the provision that "to pay the remaining cost of such work and improvements said board shall levy special assessments upon all such lots, tracts and parcels of land, or portions thereof in such district in proportion to benefits from such improvements" is void, as allowing or commanding an assessment, which may, and in this case does, exceed the benefits derived.

It is said: "This levy and distribution of the special assessment was intended to comply with the letter of the statute. The language of the statute seems clear, free from doubt and ambiguity. It cannot be construed to convey a different meaning or method of levy without violation to the express letter of the statute." On the other hand, the position of defendants is that the words "in proportion to benefits from such improvements" must be read in connection with the fundamental principle that, under the Constitution, special assessments must not exceed the special benefits which accrue to the property by reason of the improvements.

The vital question is, whether the facts alleged establish that an arbitrary sum was levied on the property without any reference to the special benefits derived from the improvement. The record of the board of equalization, set forth as an exhibit to the petition, recites, among other things, that the board had before it for inspection a map and plat of the district prepared by the county surveyor, showing the location of the improvement and the tracts, lots and parcels of land or portions thereof included in the district, and a tentative levy of assessments and allowance of damages with respect to each. It is further recited that the board has taken into account the special benefits derived and damages sustained by reason of the improvement to each in proportion to the net benefits derived by each;

that the board had received written objections and protests to the tentative assessments by certain property owners, naming them, and had "taken evidence in support of the same and on behalf of all other property owners relative to the proportion of the net benefits derived by each by reason of such action." It therefore overruled the objections, found that the net benefits to all the property in the district was $244,222.60, that the assessments on each lot and tract are legal, just and equitable, and ordered their collection.

In determining the meaning and intention of the legislature, we may consider the whole enactment. In addition to the provision in section 2625, that the special assessments shall be made "in proportion to benefits," section 2627, part of the same original act, provides that, in case of a reassessment, it shall be the duty of the board to levy, or relevy, a special assessment on the property in the district in "accordance with the net special benefits" to the property. Both of these clauses evidently are intended to have the same meaning. It would be absurd to say that an original levy could exceed special benefits, and a re-levy for the same purpose could only be "in accordance with" special benefits. A levy in accordance with special benefits could not exceed them. If it did it would not be in "agreement," "conformity," or "harmony" with them, to substitute synonyms of "accordance" given in the Standard Dictionary.

Again, long before the passage of this act, this court had held that assessments made in excess of special benefits are void. *Hanscom v. City of Omaha,* 11 Neb. 37; *Cain v. City of Omaha,* 42 Neb. 120. And the supreme court of the United States in *Norwood v. Baker,* 172 U. S. 269, had so decided. We must consider that the legislature enacted this statute having knowledge of the law thus declared and of the limitations of the Constitution. We think there can be no question but that the legislature, in using the words "in proportion to special benefits" and "in accordance with the net special benefits," excluded the idea

that the assessment might be in excess of the special bene-fits derived from the improvement.

In *Smith v. City of Omaha,* 49 Neb. 883, a very similar question arose. The language of an ordinance of the city of Omaha then considered was that the damages for change of the gra,de of streets "be, and the same is hereby, levied according to special benefits by reason of said change of grade upon the following lots." The statute, which is set forth in the opinion, gave the mayor and council power "to assess the damages * * * upon the lots and lands benefited." The court held: "Both section 6, article IX, Constitution 1875, and the charter of the city of Omaha by implication limit the amount of assessment for local improvements to the special benefits severally accruing to the lots or parcels of land ,thereby affected." This decision is a clear precedent against plaintiffs' contention, and is probably sufficient upon which to base the decision.

But other courts have taken a like view. A Massa-chusetts statute, providing for the construction of sewers or drains, provided that the board of commissioners "shall assess upon the several estates specially benefited by such sewer or drain, a proportional part of the cost thereof, not in excess of the amount of four dollars per lineal foot." The court said: "That clause confines the assessment in terms to the estates specially benefited and limits it to a proportional part of the cost, not exceeding four dollars per lineal foot, but does not limit it in clear terms to the special benefit received. We are of the opinion, however, that the word 'proportional' as here used must be taken to mean proportional to the special benefit received." *Hall v. Street Commissioners,* 177 Mass. 434.

In *Cheney v. City of Beverly,* 188 Mass. 81, the court said: "The statute authorizes an assessment at 'a fixed uniform rate, * * * according to the frontage of such es-tates on any street or way where a sewer is constructed, or according to the area of such estates within a fixed depth from such street or way, or according to ʹboth such front-age and area.' " The court said: "We are of opinion that

the Pub. St. c. 50, sec. 7 (R. L. c. 49, sec. 5), taken in connection with other parts of the statute, shows an intention that the assessment shall be proportional, and while it determines that the specified methods may be adopted as giving assessments which are proportional under the usual conditions, it was not intended to authorize an assessment of an amount which exceeds the special benefit. We are of opinion that the statute should be construed as if it contained the words, 'but in no case shall an assessment be made that exceeds the special benefit received by the estate assessed.' "

In *Tyler v. City of St. Louis,* 56 Mo. 60, the charter provided that property owners adjoining lands condemned for streets should be assessed "in proportion that such property may be respectively benefited by the proposed improvement." An instruction was given that the jury might find a verdict for an amount in excess of the actual benefits derived by the property. The judgment was reversed, the court construing this language to mean that the assessment should be in proportion to the amount that the property was respectively benefited, and could not exceed the special benefits. *Hughes v. Farnsworth,* 137 Minn. 295.

Appellants argue that the construction contended for by the defendants would leave a large portion of the costs and expenses of the improvement unprovided for, that such a construction renders the statute unworkable, and that it must be plain that the legislature did not intend such unreasonable construction. This argument assumes the existence of such a fact. The petition does not so allege. Probably the legislature had in mind that before a county board would order such an improvement to be made it would take into consideration whether there was a reasonable probability that the special benefits to be derived by the property affected would equal or exceed the cost of the improvement, and would refuse to order that it be made unless the board could see its way clear to provide for payment for the work. It may

Brown Real Estate Co. v. Lancaster County.

be noted that the legislature at its last session limited the amount that may be levied upon outlying property in such a district. Laws 1923, ch. 45.

Other questions which might be raised upon the demurrer have been settled in the following cases: *Brown Real Estate Co. v. Lancaster County* 108 Neb. 514; *State v. Lancaster county, ante,* p. 635; *Broghamer v. City of Chadron,* 107 Neb. 532; *Weilage v. Crete, ante,* p. 544.

AFFIRMED.

DEAN, J., dissenting separately.

So far as applicable here, my dissent in the case entitled *State v. Lancaster County, ante,* p. 635, may be considered as a dissent here. Both cases involve the same paving district. This case was brought here on appeal from the district court. Defendants demurred to plaintiffs' petition. The demurrer was sustained and plaintiffs electing to stand on their demurrer appealed to this court.

In plaintiffs' petition it is alleged that the special assessments, which aggregate approximately $100 an acre, are 10 times greater than the benefits which accrue to the property. The demurrer in effect admits the pleaded facts. Plaintiffs insist that the act is unconstitutional and therefore void. Nevertheless they express in the brief an entire willingness to pay a reasonable assessment for the improvement as made, if the court should "find the statute in question is a valid statute." Should the court so find, they request that the defendants be ordered to give notice and reconvene and reassess the property of the district under the prayer of the plaintiffs "for alternate or other and different relief." It is but natural that they should protest their unwillingness to have their property taken without due process or, as they observe, "have it confiscated to provide what is largely a pleasure drive for the benefit of the people of the city of Lincoln."

In the belief that the prayer of plaintiffs should have

been granted, I respectfully dissent from the opinion of the majority.