[No. 2336. Decided November 10, 1896.]

C. E. PERKINS, *Receiver of the Aberdeen Cedar Manufacturing Company, Appellant,* v. THE MITCHELL, LEWIS & STAVER COMPANY, *Respondent.*

APPEAL — INSUFFICIENCY OF BRIEF.

When the brief of appellant fails to point out the errors relied upon for a reversal, the brief will, on motion, be struck from the record, and the judgment affirmed.

Appeal from Superior Court, Chehalis County.— Hon. MASON IRWIN, Judge. Affirmed.

*M. J. Cochran,* and *J. B. Bridges,* for appellant.

*Shank & Smith,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This cause was tried below without a jury and findings of fact and conclusions made upon which a decree was entered in favor of the defendant (respondent here). A motion was made in this court to strike the brief of appellant, and for affirmance of the judgment, upon the ground that appellant had not complied with rule VIII of this court, in that he failed to make a reference in the statement of his case to the transcript for verification; and for the further reason that " he has not complied with the laws of the state, or rules of this court by pointing out in his brief the errors relied upon for reversal." Upon oral argument of the motion to dismiss we were disposed to consider that some of the findings of the lower court were sufficiently challenged by the brief, and hence we heard argument on the merits. Upon further examination a majority are convinced that the motion should have been granted upon the authority of *Haugh v. Tacoma*, 12 Wash. 386 (41 Pac. 173). It is utterly impossible to determine from the brief what appellant relies upon for a reversal. No errors are assigned or pointed out beyond the statement that—

" Appellant contends, that, under the proofs, the first three findings of the lower court are wholly immaterial; that the fourth is absolutely contradicted by the testimony, which shows conclusively that the date of the articles of incorporation was the date of its organization, and also the date when it took possession of its property, the date of the issuance of the stock being wholly immaterial, as its issuance at all was wholly immaterial. . . . As to the sixth and seventh findings, neither of them is worthy of notice."

Upon the merits, however, the decree must be affirmed. There were in all seven findings. To each of them the appellant excepted. The brief informs

us that five of them are " wholly immaterial " and therefore harmless. As to finding number five no mention is made, and number six is the only one objected to, but we are not satisfied that it is without sufficient evidence to support it, and, indeed, we think that even if this finding was disregarded the decree should nevertheless stand.

Affirmed.

DUNBAR, SCOTT and ANDERS, JJ., concur.

HOYT, C. J., dissents.