[No. 9298.   Department One.   March 31, 1911.]

FELIX MARTIN, *Appellant*, v. J. A. BARGER *et al.*,
*Respondents.*[1]

JUDGMENT—MATTERS DETERMINED—CONSTRUCTION OF WILL.   An order in probate for crediting a $1,000 legacy upon a note due from the legatee, entered before the payment of claims or final distribution of the estate, is not an adjudication as to the legal effect of the credit, or a construction of the will, and does not determine the date of the credit for the purpose of computing interest.

JUDGMENT—MATTERS DETERMINED—ORDER FOR SALE IN PROBATE.   An order in probate for the sale of a note belonging to the estate is not an adjudication of the obligation of the maker thereon.

JUDGMENT — MATTERS DETERMINED — FINAL DISTRIBUTION — CONSTRUCTION OF WILL.   A final order of distribution of the estate in pursuance of a last will and testament and in accordance with the terms thereof is not a construction of the will.

WILLS—SPECIFIC LEGACY—CREDIT ON NOTE—INTEREST.   A legacy of one thousand dollars, to be credited on a note due from the legatee, is a specific legacy to be credited as of the date of the death of the deceased.

Appeal from a judgment of the superior court for Whatcom county, Kellogg, J., entered July 25, 1910, in favor of the defendants upon the pleadings, in an action on a promissory note.   Affirmed.

*Hurlbut & Neal*, for appellant.

*John R. Crites*, for respondents.

PARKER, J.—The plaintiff seeks to recover judgment against the defendants for a balance of $187.25, alleged to

[1] Reported in 114 Pac. 505.

be due upon a promissory note executed and delivered by
them to Elizabeth Hart, deceased, during her lifetime. The
defendants claim that the entire indebtedness evidenced by
the note has been discharged by the terms of the will of
Elizabeth Hart, the original payee. Judgment was entered in
favor of the defendants on the pleadings, and the plaintiff has
appealed.

The facts appearing by the pleadings may be briefly stated
as follows: Elizabeth Hart died on September 13, 1903.
Sometime prior to her death, the defendants became indebted
to her in the sum of $1,300. This indebtedness was evidenced
by the promissory note sued upon in this action. Interest
was provided for therein at the rate of eight per cent per
annum. Thereafter Elizabeth Hart made a will whereby she
made a bequest to the respondent John A. Barger, her son,
as follows:

"I give and bequeath to my son, John A. Barger, the sum
of one thousand dollars, to be paid as follows: Said sum to be
credited on a promissory note I now hold against him for the
sum of thirteen hundred dollars, provided, however, that in
case I survive my said son, then said sum of one thousand dol-
lars is to be equally divided among my children hereinafter
enumerated."

After her death this will was admitted to probate in the
probate courts of Cedar county, Missouri, and Thayer
county, Nebraska. In the course of the administration of the
estate, on December 1, 1905, the probate court of Cedar
county, Missouri, ordered the administrator to credit upon
the note the $1,000 specified in the bequest to Barger in the
will, which was then done accordingly. Prior thereto there
had been paid upon the note certain sums which, together
with the $1,000, would pay the entire amount of the indebted-
ness, if the credit of the $1,000 be considered as made upon
the date of the death of Elizabeth Hart, September 13, 1903.
It is only because of the accumulation of interest after that
date that any sum would be due upon the note. After the

credit of $1,000 was so made upon the note, it was sold by the administrator in pursuance of an order of the probate court of Cedar county, Missouri, and appellant thereby became the holder thereof. It was not necessary to use any portion of the bequest made to Barger for the purpose of paying claims against the estate, bequests, or expenses of administration. The note matured long before appellant became the holder thereof. It is not claimed that he is an innocent holder so as to free the note from defenses the respondents may have thereto. Appellant alleges in his reply:

"Such proceedings were had in the matter of said estate in the probate court of said Cedar county, Missouri, that said promissory note was on the first day of December, 1905, duly credited in the sum of one thousand dollars in payment and satisfaction of the bequest made in said last will and testament of said Elizabeth Hart, deceased, and said promissory note was then, by order of said court, ordered to be sold, and was duly sold to plaintiff. . . .

"That thereafter such proceedings were had in each of said probate courts that the estate of said deceased within their respective jurisdictions was duly probated, all the debts against said deceased and the expenses of administration of said estate were duly paid, and the residue of the property of said Elizabeth Hart, deceased, was distributed in pursuance of said last will and testament and in accordance with the terms thereof. That the bequest of one thousand dollars made therein to the defendant Barger was duly paid and credited on the promissory note set out in plaintiff's first cause of action herein, on the first day of December, 1905, in the due and legal course of the administration of the estate of said deceased in said Cedar county, Missouri. . . ;

"That the order of said probate court of said Cedar county, Missouri, providing for the sale of said promissory note as alleged in plaintiff's complaint, and the final orders of distribution of said estate, or either of them, have not been made void or in any manner modified, or appealed from by defendant Barger, or at all, but the same and each of the same are in full force, effect and virtue. . . ."

It is contended by counsel for appellant: (1) that the orders of the probate court of Cedar county, Missouri, were

in effect a final adjudication that the respondent Barger is
not entitled to receive credit upon the note for the $1,000 as
of the date of the death of Elizabeth Hart; and (2) that in
any event such bequest was a general bequest and payable as
such in course of the administration of the estate, and that
this would result in the interest upon the note continuing to
run until the $1,000 was actually credited upon the note.

Was there such an adjudication by the probate court as
renders the defense here invoked by respondents unavailing to
them? Let us notice the real purport of the orders relied upon
by appellant as constituting such adjudication, assuming that
they are properly pleaded in the reply. The order for credit-
ing the $1,000 upon the note was apparently not an order of
distribution. The payment of claims and expenses of adminis-
tration, and the final distribution of the estate, occurred after
the order for the credit was made. There are no facts pleaded
showing that respondent Barger accepted this credit as of
the date it was actually made on the note, nor are there any
facts pleaded showing that, by the terms of the order, it was
assumed to thereby adjudicate the legal effect of the credit.
We think that, so far as this order is concerned, its effect must
be determined by the terms of the will, and that it did not
amount to a construction of the will. Neither did the order
for the sale of the note, after the credit of the $1,000 made
thereon, amount to a construction of the will. An order made
by a probate court for the sale of a note assumed to belong
to an estate is far from an adjudication of the obligation of
the maker thereon. The reply alleges that, after the pay-
ment of debts and expenses of administration, "*the residue of
the property of said Elizabeth Hart, deceased, was distributed
in pursuance of said last will and testament and in accordance
with the terms thereof.*" There is no other allegation indicat-
ing the terms of the distribution, and it is only by inference
that the pleadings indicate there was a distribution by order
or decree. We will, therefore, assume that whatever order of
distribution the court made, it distributed the estate in this

manner.   This language is in effect the same as if the court
had distributed the estate in the exact language of the will,
and is therefore not a construction of the will at all, but leaves
us to determine the nature of this bequest from the language
of the will alone.   We are of the opinion that, so far as the
pleadings show, there has been no adjudication which prevents
respondents from urging the defense here invoked by them.

What, then, is the nature of this bequest, and when did re-
spondent Barger become vested with his property right there-
in.   In 3 Pomeroy's Equity Jurisprudence (3d ed.), we find
the following statement of general principles with reference
to legacies, their nature and qualities:

"Sec. 1130.   With regard to their intrinsic nature and
qualities, legacies are of three kinds: specific, general, and
demonstrative.   A specific legacy is a bequest of a specific
article of the testator's estate, distinguished from all others
of the same kind; as, for example, a particular horse, or piece
of plate, or money in a certain purse or chest, a particular
stock in the public funds, a particular bond or other instru-
ment for the payment of money.   Whether a legacy is spe-
cific depends wholly upon the language of the will. . . . A
specific legacy only becomes operative in case the very article
given continues to form a part of the testator's estate at the
time of his death.   In such case the legatee acquires a title
to the articles at the death, by virtue of the will, although the
payment may be deferred, and must be obtained from the
executor.   Since his right of property is thus fixed, he is
entitled to all income, profits, and proceeds arising or accru-
ing on the article after the testator's death, and before its
delivery or payment to himself."

"Sec. 1132.   The terms 'general' legacies comprises all
those which are not either specific or demonstrative—that is,
those which are not gifts of some identical article or fund
forming part of the testator's estate, nor gifts of a sum pay-
able out of such an identified fund.   They are, therefore,
rather gifts of *amounts* than of things or pieces of property
specially described and identified. . . . The peculiar effect
of a general legacy is, that, instead of operating as a volun-
tary assignment of the identical thing to the legatee, and so
taking effect only when the specific thing or fund remains in

existence as a part of the testator's estate, it creates an obligation resting upon the executor to pay to the legatee the amount specified, if there are sufficient assets left in the estate."

"Sec. 1133. Demonstrative legacies are a peculiar kind which partake of the nature of both specific and general legacies, and combine the advantages of each. Demonstrative legacies are bequests of sums of money, or of quantity or amounts having a pecuniary value and measure, not in themselves specific, but made payable *primarily* out of a particular designated fund or piece of property belonging, or assumed to belong, to the testator. Their effect is peculiar. Although made primarily payable out of a particular fund, these legacies do not fail—are not adeemed—because such fund may not exist as a part of the testator's estate at his death, but they are then payable out of his general assets, like general legacies. On the other hand, if such particular fund is in existence as a part of the testator's estate at his death, they are not liable to abatement in common with general legacies, but are entitled to payment under the circumstances in exactly the same manner as true specific legacies."

See, also, notes in 11 Am. Dec. 468 (*Walton v. Walton,* 7 Johns. Ch. 258), and 11 L. R. A. (N. S.) 55 (*In re Snyder,* 217 Pa. 71, 66 Atl. 157, 118 Am. St. 900); 2 Woerner, American Law of Administration (2d ed.), § 444.

It seems to us that under these rules this must be regarded as a specific legacy. It consists of a gift of a specific thing; that is a specific credit upon a debt due from the legatee to the testator. The thing given can be identified and distinguished from other property of the testator. It did not involve the payment of a sum of money to Barger, either from the estate in general or from any particular funds or property of the estate. This view finds support in, *Sholl v. Sholl,* 5 Barb. 312; and *Wheeler v. Wood,* 104 Mich. 414, 62 N. W. 577. In both of these cases the legacies were held to be specific, notwithstanding they were in terms gifts of the amount or sum of certain indebtedness due from the legatees to the donors, like in this case, rather than gifts of the instruments evidencing such indebtedness.

In *Davis v. Crandall,* 101 N. Y. 311, 4 N. E. 721, and *Smith's Appeal,* 103 Pa. St. 559, we have instances of gifts of certain sums from certain specific funds owing to the testator from third parties, which. gifts were held to be specific legacies. Since we conclude that this is a specific legacy, Barger's right of property therein became fixed at the time of the death of Elizabeth Hart, and the estate could not thereafter profit by interest upon the note. So far as his rights are concerned, his obligation to the estate was reduced by the amount of the bequest, as if the $1,000 had then been credited upon the note. His property right in the credit was, of course, subject to the rights of creditors of the estate and expenses of administration; this, however, was only a possible charge upon his debt obligation to the deceased, which was found not to exist in fact, in the course of administration. *Loring v. Woodward,* 41 N. H. 391; *Smith v. McKitterick,* 51 Iowa 548, 2 N. W. 390; *Proctor v. Robinson,* 35 Mich. 284; 3 Pomeroy, Equity Jurisprudence (3d ed.), § 1130.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, GOSE, and FULLERTON, JJ., concur.