[No. 12664.   Department Two.   November 17, 1915.]

JENNIE G. MOORE et al., *Respondents*, v. THE CITY OF
SPOKANE, *Appellant*.[1]

APPEAL—BRIEFS—ASSIGNMENT OF ERRORS.   A motion to strike appellant's brief for failure to assign errors will be denied where the law has been substantially complied with and the court is able to discover the errors relied upon.

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—ASSESSMENTS—METHOD—PREJUDICE.   An assessment of property abutting upon an arterial street in specific sums against each lot, instead of spreading out the assessment under the zone system provided by 3 Rem. & Bal. Code, § 7892-13, will not be set aside unless the property owner shows that he has been prejudiced by the method of assessment adopted, and that his assessment is larger than it would have been under the statutory method.

SAME—REASSESSMENTS—INSTALLMENTS.   Under 3 Rem. & Bal. Code, § 7892-43, providing that, where the original assessment was payable in installments, the reassessment may be divided into such equal installments and made payable at such times as the council may prescribe, a reassessment may be extended in installments over only seven years, instead of ten years, as originally provided.

SAME—STREET IMPROVEMENTS—ARTERIAL STREETS—METHOD OF ASSESSMENT.   The assessment of the entire cost of the improvement of an arterial street upon abutting property, is not a proceeding upon a fundamentally wrong basis; in view of 3 Rem. & Bal. Code, § 7892-13, providing that the council shall establish a local improvement dis-

[1]Reported in 152 Pac. 999.

trict which shall embrace, as near as may be, all the property specially benefited, which "unless otherwise provided" shall include abutting, adjacent, vicinal or proximate property; since the statute authorizes the placing of the entire cost upon the abutting property, and the action of the council in fixing the assessment district is conclusive in the absence of arbitrary action, where the property was not assessed in excess of the benefits.

SAME—ASSESSMENTS—ARBITRARY ACTION. The finding by a city council upon confirming an assessment that the abutting property was specially benefited in the amount charged against it, is not overcome, or the assessment shown to have been arbitrarily fixed, by the testimony of one of the city commissioners that the roll was prepared by the city engineer under the direction of the city attorney with the purpose to have a roll that the court would approve; especially where the evidence shows that the property was benefited by the amount of the improvement.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 14, 1914, in favor of the plaintiffs, vacating an assessment roll for a public improvement, tried to the court. Reversed.

*H. M. Stephens, Wm. E. Richardson, Ernest E. Sargeant,* and *Dale D. Drain,* for appellant.

*Hamblen & Gilbert,* for respondents.

MAIN, J.—This is an appeal from a judgment of the superior court for Spokane county, annulling and setting aside the second reassessment roll for the improvement of McClellan street and Ninth avenue, in the city of Spokane.

The respondents are the owners of three lots which parallel McClellan street and abut upon Eighth avenue at one end and Ninth avenue at the other. These lots are three hundred feet in length, and each fifty feet in width. The improvement for which the assessment was made was the grading, paving, curbing and sidewalking of McClellan street between Eighth and Ninth avenues, and Ninth avenue from the west line of McClellan street to the west line of Grand boulevard.

The original assessment was confirmed by the city council and, upon appeal, was ·set aside by the superior court. The

first reassessment was likewise confirmed and set aside. The question involved in those appeals from the city council to the superior court were other and different questions from those involved in this appeal.

The streets upon which the improvement was made were graded and paved to the width of approximately fifty feet. The respondents claim that a pavement thirty feet in width would have been sufficient for what is known as a local street, but that the wider pavement was due to the fact that the streets in question were a link in an arterial highway. The property of the respondents affected by the improvement was described by some of the witnesses as semi-business property, and by others as property the most valuable use of which would be for a first-class apartment house or apartment houses. The amounts assessed against the three lots of the respondents were, respectively, $2,779.10, $1,427.10, and $525.80, making a total of $4,732.

The trial court found that the city council acted arbitrarily in assessing the entire cost of the improvement to the abutting property within the termini of the improvement, and that the cost of the improvement should have been spread over an extended district. From the judgment setting aside the roll, the present appeal is prosecuted.

The respondents open their brief with a motion to strike the brief of the appellant and affirm the judgment, for the reason, as it is claimed, that the appellant in its brief has failed to set out any assignments of error, as required by Rem. & Bal. Code, § 1730, and rules VIII and XII of this court. Construing this statute and the rules referred to, it has been held that error not pointed out in the brief of the appellant with reasonable clearness will not be considered; but where the law has been substantially complied with, and we are able to discover from the brief the errors relied upon for a reversal, a motion to strike the brief and affirm the judgment will not be granted. *Crowley v. McDonough*, 30 Wash. 57,

70 Pac. 261; *Johnston v. Gerry*, 34 Wash. 524, 76 Pac. 258, 77 Pac. 503.

In the present case, while the error relied upon by the appellant for a reversal of the judgment is not stated in its brief with commendable precision and definiteness, we are able to discover from the brief the claimed error of the trial court which is relied upon. This error is the act of the superior court in entering a judgment which annulled and set aside the assessment roll instead of confirming the same. No error in the admission of evidence, nor in any other matter which should be covered by a separate and distinct assignment of error, is complained of. To strike the appellant's brief and affirm the judgment because there is not a more literal compliance with the statute and the rules, would be a ruling too severely technical.

In support of their motion to strike and affirm, the respondents cite *Haugh v. Tacoma*, 12 Wash. 386, 41 Pac. 173, 43 Pac. 37; *Perkins v. Mitchell, Lewis & Staver Co.*, 15 Wash. 470, 46 Pac. 1039, and *Doran v. Brown*, 16 Wash. 703, 48 Pac. 251. In those cases the briefs of the appellants were stricken and the judgment affirmed because in the briefs of the appellants there was not a substantial compliance with the statute and the rules, and the errors relied upon for reversal could not be determined from the briefs. We think the appellant's brief in this case comes within the rule first stated, and not within the rule of the cases cited by the respondent. The motion to strike the brief and affirm the judgment is denied.

Upon the merits, the first question is, whether the second reassessment was valid because it assessed a specific sum against each of the three lots owned by the respondents, and did not spread the assessment in accordance with the zone system, as provided by Laws of 1911, ch. 98, § 13, p. 446 (3 Rem. & Bal. Code, § 7892-13). By the ordinance, the cost of the improvement was to be borne by the abutting property within the termini of the improvement. Had the

assessment upon the respondents' lots been made according to
the zone system, as set out in the statute, it does not appear
that the amount of the assessment upon the three lots would
have been different from that levied against them according
to the method adopted. Before the property owner is en-
titled to a judgment setting aside an assessment roll because
the assessment was not made in accordance with the statutory
method, it is necessary that he be prejudiced by the method
of assessment adopted. If the burden cast upon his property
is no greater under the method adopted than it would have
been had the statutory method been followed, the assessment
will be upheld. *Spokane v. Browne*, 8 Wash. 317, 36 Pac. 26;
*Great Northern R. Co. v. Seattle*, 73 Wash. 576, 132 Pac.
234.

The next question is whether the assessment roll was right-
ly set aside because the payment of the installments under the
second reassessment extended over only seven years instead
of ten, as provided in the original roll. This question seems
to be answered by the statute. The concluding clause of § 43,
ch. 98, Laws of 1911, pp. 469, 471, provides:

"That in all cases where the original assessment for the
improvement was payable in installments, the new assess-
ment, after delinquency, may be divided into such equal in-
stallments and made payable at such times as the council in
the ordinance ordering such new assessment, may prescribe."
3 Rem. & Bal. Code, § 7892-43.

The evident purpose of this statutory provision was to en-
able the assessing body in making the reassessment to pro-
vide that the last installment made payable after the reas-
sessment, should mature at a period not later than the last
installment under the original assessment upon property not
involved in the reassessment. In other words, that if in the
original assessment the last installment became due in ten
years, and after a lapse of time a reassessment became neces-
sary upon a part of the property covered by the roll, the
final payment upon the reassessment could be made to ma-

ture at a time not more distant than the final payments upon the original roll.

It is also claimed that the city council in assessing the entire cost of the improvement of a street which was a portion of an arterial highway, upon the abutting property within the termini of the improvement, proceeded upon a fundamentally wrong basis. Section 13 of the local improvement code, Laws of 1911, ch. 98, p. 446 (3 Rem. & Bal. Code, § 7892-13) after providing that every ordinance ordering an improvement mentioned in the act, payment for which shall be made in whole or in part by special assessment, shall establish a local improvement district, which district shall embrace, as near as may be, all the property specially benefited by such improvement, provides that, except in cases otherwise specifically provided for, and unless otherwise provided in the ordinance ordering the improvement, "such district shall include all the property between the termini of said improvement abutting upon, adjacent, vicinal or proximate to the street, avenue, lane, alley, boulevard, park, drive, parkway, public place or square proposed to be improved to a distance back from the marginal lines thereof to the center line of the blocks facing or abutting thereon."

Both the appellant and the respondents recognize the well known rule of law that the action of the city council in fixing the assessment district and in determining the amount of the assessment is conclusive, unless it is shown that the council acted arbitrarily, or proceeded upon a fundamentally wrong basis. In requiring the abutting property to bear the entire cost of the improvement, the council followed the method provided for by statute. Since the statute authorizes the placing of the burden of the entire cost of the improvement upon the abutting property, it could not well be held that such an assessment was upon a fundamentally wrong basis, where the evidence shows that the property is not assessed for more than it is benefited. The trial court did not find that the property of the respondents was assessed in a great-

er amount than it was benefited. The evidence upon this question is not harmonious, but after giving it careful consideration, we are of the opinion that the benefit which the property in question received from the improvement, equaled, if it did not materially exceed, the amount which was assessed against it. Had the evidence shown that the property was not benefited to the extent to which it was assessed, a different question would be presented, upon which no opinion is expressed.

The respondent upon this point relies upon the case of *In re Boyer Avenue*, 79 Wash. 664, 141 Pac. 58. In that case the city council did not provide by ordinance that the whole cost and expense of the condemnation proceeding should be levied by special assessment upon the property benefited. It left the matter of determining the boundaries of the district to the eminent domain commission. It was there held that the eminent domain commission in assuming that a street which in its nature and design was an arterial highway, was not such, proceeded upon a fundamentally wrong basis. In this case, the city council did not proceed upon the assumption that the streets improved were not a part of an arterial highway. The case is also distinguishable from the present in that there the city council had not determined the boundaries of the district, but left that matter to the commission.

Some claim is made that the action of the city council, in confirming the second assessment roll, acted arbitrarily, because one of the city commissioners testified, in substance, that the roll was prepared by the city engineer under the direction of the corporation counsel, and that the purpose was to have a roll which the court would approve. But we think this testimony insufficient to overcome the express finding by the city council in the confirmation ordinance that the property of the respondents was "specially benefited by said improvement in at least the amount charged against the same." In addition to this, as already stated, the evidence clearly

shows that the property is benefited at least to the amount of the assessment.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment confirming the assessment roll.

MORRIS, C. J., and ELLIS, J., concur.