MAE Q. PROBST, Respondent, v. FREDERICK S. PROBST, Appellant. (Appeal No. 2.) — Appeal by defendant from an order directing the entry of judgment in favor of plaintiff in the sum of $14,386.74, with interest from April 27, 1940, to the date of entry. Order modified by reducing the amount for which judgment is to be entered by the same amounts as are directed to be deducted in *Probst* v. *Probst, Appeal No. 1* (*ante*, p. 1090), decided herewith. As so modified, the order is affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAM AGRO, Appellant.— Judgment of the County Court of Kings County, convicting appellant of the crime of criminally receiving stolen property, reversed on the law, indictment against appellant dismissed, and appellant discharged from custody. The testimony of the witness Randisi was such as to establish as a matter of law that he was an accomplice of the appellant, within the tests laid down in *People* v. *Cohen* (223 N. Y. 406) and *People* v. *Kupperschmidt* (237 id. 463). The testimony of the accomplice was not corroborated and appellant's motion to dismiss the indictment should have been granted. (Code Crim. Proc. § 399.) Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL BEKORIS, Appellant, v. BERT TRUESDELL, Undersheriff of the County of Orange, N. Y., Respondent.— In a habeas corpus proceeding to procure relator's release from custody on the ground that by testifying before the grand jury, without signing a waiver, he became entitled to immunity from prosecution (Penal Law, §§ 584, 996), order dismissing the writ of habeas corpus affirmed. Relator testified to nothing before the grand jury except his name and address. Such evidence would not constitute a link in the chain of evidence against him (*People ex rel. Coyle* v. *Truesdell*, 259 App. Div. 282), and did not entitle him to immunity. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.