**UNITED STATES of America,**
**Plaintiff,**

v.

**William J. CAYIAS, Defendant.**

United States District Court
S. D. Florida,
Miami Division.
Nov. 29, 1961.

Edward F. Boardman, Miami, Fla., for plaintiff.

Don G. Nicholson, Miami, Fla., for defendant.

DE VANE, District Judge.

This proceeding arises on the motion of defendant William J. Cayias to dismiss or quash the indictment in this case insofar as it affects him on the ground that prior to his indictment he had acquired immunity under Section 22(c) of the Securities Act of 1933, Title 15 U.S.C.A. § 77v(c). This section provides in pertinent part that no person shall be excused from attending and testifying or from producing books and documents in obedience to a subpoena in any case or proceeding instituted by the Securities and Exchange Commission on the ground that the testimony or evidence required of him may tend to incriminate him, but that no person shall be prosecuted on account of any transaction concerning which he is compelled, after having claimed his privilege against self-incrimination, to testify or produce evidence.

A hearing was held on this motion and the record shows that on November 23, 1960, defendant was served with a subpoena duces tecum returnable on November 25, 1960, requiring the defendant to appear and to bring with him "all original correspondence, memoranda, and books and other records of whatever nature, or copies thereof, of or pertaining to Columbus Rexall Consolidated Mines Company or Columbus Rexall Oil Company" and other associated companies of those named. Defendant appeared on November 25, 1960, before J. Wooten Pearce, an examining officer of the Securities and Exchange Commission, at the Salt Lake City office of the Commission. He did not bring with him any of the documents or records subpoenaed and explained to Mr. Pearce that all he had were his personal files and papers, that these personal records were voluminous and complex, and they were not segregated, and that it would take many hours of effort to separate these documents and that he was extremely busy in his general law practice and asked for additional time within which to segregate and bring to the Examining Officer the papers called for by the subpoena duces tecum. His request was granted by Mr. Pearce.

On December 20, 1960, defendant was served with a second subpoena in the same proceeding. This subpoena was issued by Mr. Stephen J. Paradise, another officer of the Securities and Exchange Commission, and was returnable December 23, 1960, at Mr. Pearce's office in Salt Lake City. Defendant appeared in response to this subpoena before Mr. Paradise and learned for the first time that the Securities and Exchange Commission was conducting an investigation not only into the affairs of the named corporations, but also into the possible complicity of defendant and others in criminal violations by or pertaining to those corporations. No testimony was taken on December 23, 1960, and the hearing was recessed and reconvened by Mr. Paradise on January 17, 1961.

Defendant appeared on January 17, 1961, before Mr. Paradise at Mr. Pearce's Securities and Exchange Commission office and having been sworn, defendant in no uncertain terms claimed his privilege against self-incrimination as to any questions which might be put to him concerning any of the matters, transactions or things involved in the pending investigation. After having claimed his privilege, defendant was excused from testifying at this hearing. He appeared not under a subpoena duces tecum but a subpoena ad testificandum.

The crux of defendant's motion centers upon what happened after defendant appeared before Mr. Paradise, claimed his privilege and refused to testify.

As pointed out above, the defendant had already appeared before Mr. Pearce on November 25, 1960, at which time he promised to give Mr. Pearce certain information called for by Pearce's subpoena duces tecum as soon as he could get together the information called for by that subpoena. After appearing before Mr. Paradise, defendant lost little time in again contacting Mr. Pearce and promising him to furnish the information requested by his subpoena duces tecum just as soon as possible. He secured several extensions of time from Mr. Pearce and on April 28, 1961, submitted to Mr. Pearce an affidavit to which was attached an exhibit reflecting documents and material which defendant had located concerning Rexall which were then in his possession. Neither Mr. Paradise nor Mr. Pearce ever called upon the defendant to produce any of these documents and defendant seeks the privilege here asserted on the ground that the furnishing to Mr. Pearce on April 28, 1961, of an affidavit as to his possession of certain documents of the companies being investigated and a list of those documents entitled him to the immunity granted by Section 77v (c) of Title 15 U.S.C.A.

In the opinion of this Court defendant failed in his efforts to secure immunity from prosecution by the things he did in purported compliance with the subpoena duces tecum issued by Mr. Pearce on November 23, 1960. In the first place, he was not even compelled to submit the affidavit with the exhibit attached, but did so on his own volition. Secondly, the defendant never produced and submitted to any representative of the Securities and Exchange Commission any books, documents or other evidence in response to the subpoena duces tecum issued to him on November 23, 1960. Further, defendant never gave any testimony to any Securities and Exchange Commission officer in this case. His efforts to secure immunity fall far short of the requirements specified by the statute.

Defendant's attempt to rely on United States v. Eisele, 52 F.Supp. 105 (D.C., D.C.1943) and Edwards v. United States, 312 U.S. 473, 61 S.Ct. 669, 85 L.Ed. 957, which deal with claims of immunity under Section 22(c) of the Securities Act of 1933 is of no avail. In both of these cases the Courts found that the defendant claimed his privilege against self-incrimination in connection with matters which were material to the prosecution and to which the privilege applied, but nevertheless was required to testify.

In the case at bar this defendant never even claimed his privilege in connection with the request of Mr. Pearce for the books and records of Columbus Rexall which he said he had in his possession. Moreover, he never produced any of these books and records or gave any testimony concerning them. What he actually did falls far short of entitling him to the immunity granted by the statute.

An order denying the motion to quash and dismiss will be entered herein.