600 P.2d 54

The STATE of Arizona, ex rel. Andy BAUMERT, Phoenix City Attorney, Plaintiff-Appellant,

v.

The MUNICIPAL COURT OF the CITY OF PHOENIX, Arizona, and the Honorable Eugene Mangum, Judge thereof, and Terisa M. Fullmer, Defendant and Real Party in Interest, Defendants-Appellees.

No. 1 CA–CIV 4316.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 11, 1979.

Andrew Baumert, III, Phoenix City Atty., by Susan O. Worth, Asst. City Prosecutor, Phoenix, for plaintiff-appellant.

Peter T. D'Angelo, Phoenix, for defendants-appellees.

## OPINION

FROEB, Judge.

Appellant seeks review of the judgment of the superior court dismissing its complaint for special action. The complaint sought to set aside the order of the Municipal Court of the City of Phoenix (city court) dismissing a criminal complaint against the real party in interest, Terisa M. Fullmer (Fullmer), a minor. The city court judge dismissed the complaint against Fullmer on the ground that she was entitled to immunity from prosecution under A.R.S. § 4–245.

Fullmer was arrested after allegedly having purchased spirituous liquors from Glen Y. Chang. She was charged with a violation of A.R.S. § 4–244.9, commonly referred to as "minor in possession of liquor."

Chang was arrested for allegedly having sold the alcoholic beverage to her, a violation of the same section. Trial dates were set for both, Chang's a few weeks prior to Fullmer's.

Fullmer was subpoenaed to appear and testify at Chang's trial. She appeared at the appropriate time, but, prior to start of trial, Chang pleaded guilty to the charge.

On the date set for Fullmer's trial, her counsel moved for dismissal on the ground that her subpoenaed appearance in the courtroom at the time set for Chang's trial invoked the immunity provisions of § 4–245, and, therefore, Fullmer was no longer subject to prosecution under § 4–244.9. The city court judge agreed and dismissed the complaint. From that ruling, appellant brought a special action in superior court and from an adverse ruling there on the merits now brings this appeal.

A.R.S. § 4–245[1] reads:

A person having knowledge or possession of facts which tend to prove the guilt of any other person or corporation charged with a violation of §§ 4–243 and 4–244 shall not be excused from giving testimony or producing evidence when legally called upon so to do on the ground that it may tend to incriminate him under the laws of this state, but no person shall be prosecuted or subject to penalty or forfeiture for, or on account, of, any transaction, matter or thing concerning which he may so testify or produce evidence.

Fullmer's argument is that her appearance under subpoena at the time and place set for Chang's trial constituted a production of evidence against herself. She contends that, since the charge against Chang was sale of an alcoholic beverage to a minor, and since she is a minor, her appearance allowed the inference that she was the minor to whom Chang made the sale.

■ Appellant argues that, because Chang's trial never started and Fullmer was never called, sworn, or asked to testify

1. Repealed by Laws 1978, Ch. 210, § 1, effective January 1, 1985.

in any manner, she did nothing to gain immunity under § 4–245. We agree with appellant.

Immunity statutes are premised on the right against self-incrimination. In *Smith v. Superior Court, Pima County*, 17 Ariz. App. 79, 495 P.2d 519 (1972), this court stated with regard to A.R.S. § 13–1804, now redesignated A.R.S. § 13–4064:

As a general rule, the purpose of immunity statutes is to aid prosecuting officers in apprehending criminals, or those engaged in criminal enterprises, by inducing them or their confederates to turn state's evidence and tell on each other or *to place at the disposal of the prosecuting attorney evidence which constitutional provisions granting a witness the privilege of refusing to testify against himself make unavailable.*

17 Ariz.App. at 81, 495 P.2d at 521 (emphasis added). We believe this statement of the general purpose of immunity statutes applies to § 4–245 as well as the section involved in *Smith.* Thus, § 4–245 was designed to give the State a *quid pro quo* for testimony or evidence which is otherwise privileged. *See Anderson v. Coulter*, 16 Ariz.App. 27, 490 P.2d 856 (1971), overruled on other grounds, 108 Ariz. 388, 499 P.2d 103 (1972), and *State v. Buchanan*, 110 Ariz. 285, 518 P.2d 108 (1974).

■ Fullmer argues that her presence, compelled by subpoena, was sufficient to entitle her to immunity. Compelled presence can be distinguished from compelled testimony, however, and compelled presence is not enough to require the application of the immunity provision. *See State of Florida ex rel. D. R. Foster v. Hall*, 230 So.2d 722 (Fla.App.1970). There must be some testimony or evidence which incriminates the witness before immunity statutes apply. *State v. Smith*, 12 Wash.App. 514, 530 P.2d 354 (1974). Fullmer was never called to testify or give evidence of any kind. We reject the notion that Fullmer's mere subpoenaed presence in the courtroom tended to incriminate her.

■ Finally, Fullmer defends the ruling of the superior court on the ground that it was a matter of the discretion of the superior court as to whether relief should have been granted in the special action proceeding and that absent an abuse of discretion we must uphold the superior court judgment denying relief. This case does not require us to delineate the many discretionary aspects of special action proceedings. Suffice it to say that where, as here, the superior court has taken jurisdiction of the case and interpretation of a statute is the sole issue, judicial discretion is not involved in reaching a decision. The question in the superior court, and here, is a question of law. Contrary to Fullmer's contention, our inquiry is not directed to whether the superior court abused its discretion. Having taken jurisdiction of the special action on its merits, the discretion of the superior court was exhausted.

Fullmer asserts no other grounds to sustain a dismissal of the complaint against her.

The judgment of the superior court is reversed and the case is remanded for entry of a judgment directing that the complaint against Fullmer in city court be reinstated.

OGG, C. J., Division 1, and JACOBSON, J., concur.